**Harold B. CLAYTON, Plaintiff,**

v.

**BLACHOWSKE TRUCK LINES, INC.,**
and Duane Blachowske, individually,
Defendants.

Civ. No. 4–85–721.

United States District Court,
D. Minnesota,
Fourth Division.

July 22, 1986.

Jeffrey G. Stephenson, Petersen, Tews & Squires, St. Paul, for plaintiff.

Gary G. Wollschlager, Erickson, Zierke, Kuderer, Myster, Madsen & Wollschlager, P.A., Fairmont, for defendants.

DIANA E. MURPHY, District Judge.

Plaintiff Harold B. Clayton brought this action against defendants Blachowske Truck Lines, Inc. (Blachowske Lines) and Duane Blachowske, alleging wrongful termination of a National Guard member in violation of 38 U.S.C. §§ 2021–2026, breach of contract, promissory estoppel, unlawful discharge, breach of an implied covenant of good faith and fair dealing, and violations of *Minn.Stat.* § 192.34 and § 181.64. He seeks compensatory and punitive damages, as well as costs and attorney's fees. Jurisdiction is alleged under 38 U.S.C. § 2022 and 28 U.S.C. § 1331. The matter is now before the court upon the defendants' motion for summary judgment on all seven

counts or, alternatively, for summary judgment as to Count I and dismissal of the other counts for lack of jurisdiction.

*Background*

The basic background facts are largely undisputed. Plaintiff began working for defendant on January 9, 1984 and worked there as safety director until he was terminated on May 31, 1984. Prior to plaintiff's hiring, telephone conversations and personal interviews were conducted by defendant Blachowske, as president of Blachowske Lines, and Paul Streit, controller for the company. During these discussions, plaintiff told defendants that he was a member of the Minnesota National Guard and was obligated to attend drills one weekend per month, as well as a two week period each summer. Defendants replied that this obligation was not a problem. Defendants state, however, that they also communicated to plaintiff that Saturday was a very important business day and that plaintiff would be required to work those Saturdays he was not engaged with the Guard.

Plaintiff asserts that during these pre-employment discussions, he was offered a job to full age retirement. He contends that it was agreed that prior to any termination, defendants would discuss any problems with him. According to plaintiff, no such discussion occurred. Plaintiff also maintains that defendants were aware that his acceptance of the job would involve a move from Shoreview, Minnesota to Fairmont, Minnesota and disruption to his family.

Defendants assert, by contrast, that plaintiff was never guaranteed permanent employment, and that, as performance difficulties arose, plaintiff was informed of them.

On May 31, 1984, plaintiff was called into Blachowske's office. In the presence of Streit, the controller of Blachowske Lines, plaintiff was terminated. Plaintiff states that four reasons were given for the discharge: "1. Screwing up a permit for a truck. 2. Missing too many Saturdays from work. 3. Taking some long lunch breaks. 4. Should spend more time in cov-

eralls with the drivers." He asserts that during his employment, the only Saturdays he missed were those of his National Guard obligation. He concedes, however, that he left work at approximately noon on the other Saturdays, but claims that he had permission to do so.

By contrast, Blachowske states that the following reasons for termination were given to Clayton:

a. His inability to adequately obtain the permits essential for the efficient operation of Blachowske Truck Lines Inc.;

b. His inability to communicate with and work with the drivers for which he had responsibility as safety director;

c. His failure to adequately establish a safety inspection program for Blachowske Truck Lines Inc.;

d. His continued and repeated absences from work at Blachowske Truck Lines Inc. on those Saturdays on which plaintiff Harry Clayton was not obligated to report to the National Guard for active duty;

e. For his general inability to perform his job, and for his causing a general disruption and upheaval in the offices of Blachowske Truck Lines Inc." Blachowske aff. at 2, 3.

Additionally, defendants contend that plaintiff charged a substantial number of unauthorized long distance phone calls to Blachowske Lines' account.

*Discussion*

Count I of plaintiff's complaint asserts that he was discharged from his employment because of his National Guard obligations, in violation of 38 U.S.C. § 2021. Defendants assert that summary judgment is appropriate on this count because the record clearly shows that plaintiff was not terminated solely because of his reserve status. Plaintiff argues that material issues of fact remain as to whether the reasons given for dismissal are pretextual and whether there were in fact legitimate reasons.

■ 38 U.S.C. § 2021(b)(3) provides in pertinent part:

Any person who [is employed by a private employer] shall not be denied retention in employment or any promotion or other incident or advantage of employment because of any obligation as a member of a Reserve component of the Armed Forces.

In *Monroe v. Standard Oil Co.,* 452 U.S. 549, 559, 101 S.Ct. 2510, 2516, 69 L.Ed.2d 226 (1981), the Supreme Court addressed the purpose of this section, stating:

Section 2021(b)(3) was enacted for the significant but limited purpose of protecting the employee-reservist against discriminations like discharge and demotion, motivated solely by reserve status.

The Court noted that "the consistent focus of the administration that proposed the statute, and of the Congresses that considered it, was on the need to protect reservists from the temptation of employers to deny them the same treatment afforded their co-workers without military obligations." 452 U.S. at 60. Thus, a reservist can only recover under 38 U.S.C. § 2021(b)(3) if he or she can show that the alleged discrimination was motivated solely by reserve status.

■ Even when viewed in a light most favorable to plaintiff, the record before the court shows that plaintiff was not terminated solely because of his reserve status. It is undisputed that defendants knew when they hired plaintiff that he was in the National Guard and that they assured plaintiff that these obligations would be no problem. It is also undisputed that plaintiff was given several reasons for his termination. Three of the four reasons that plaintiff admits receiving were unrelated to his guard duties and are supported by the evidence. Moreover, defendants have pointed to additional reasons for termination which are well-supported by the sworn statements of a number of witnesses. The discovery deadline in this case was March 3, 1986, but plaintiff has not pointed to any evidence which raises an inference that his reserve status was the sole motivation behind his termination.[1] For these reasons, the court concludes as a matter of law that plaintiff was not terminated solely because of his National Guard obligations. Count I must therefore be dismissed.

■ Defendants claim that the pendent state claims should be dismissed along with the federal claim. Plaintiff argues that considerations of judicial economy, convenience and fairness weigh in favor of keeping jurisdiction. The general rule is that pendent claims should be dismissed without prejudice if federal claims are dismissed before trial. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). In deciding whether dismissal is appropriate here, the court should consider the difficulty of the state claims, the additional time and energy needed for their resolution, and the availability of a state forum. *Koke v. Stifel, Nicolaus & Co., Inc.,* 620 F.2d 1340, 1346 (8th Cir.1980). In this case, the pendent claims concern a developing area of state employment law better addressed in state

---

**1.** Plaintiff cites Blachowske's statements that he missed too many Saturdays as evidence that he was discriminated against because of his National Guard obligation. It is undisputed, however, that plaintiff left at around noon on all the other Saturdays. Blachowske has stated under oath that his statement about Saturdays referred only to those when plaintiff left early. Plaintiff argues that he was given permission to leave early on Saturdays and that Blachowske was referring to the Saturdays he missed for guard duty. Even if the court accepts plaintiff's version, it still does not raise a genuine issue as to whether the National Guard obligation was the sole reason for termination.

Plaintiff argues further that an analogy to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.,* should be drawn, and that he must be given an opportunity to demonstrate that the reasons for his dismissal were pretextual. This analogy is tenuous, however, because of the differing standards of the two statutes in question. Under the ADEA, a plaintiff must only show that age was *a* factor in the alleged discriminatory action. But even if the court were to apply an ADEA-type analysis to plaintiff's cause of action, plaintiff could not establish the requisite prima facie case under 38 U.S.C. § 2021(b)(3).

court. This court has invested only a small amount of time in the state claims to date, but their resolution would be time-consuming. Furthermore, there appears to be no problem concerning the availability of a state forum; plaintiff could identify no problem with the statute of. limitations. There also appears to be no reason why the parties' discovery could not be used in the state court proceeding. In view of this record, the state claims should be dismissed without prejudice.

## ORDER

Accordingly, based upon the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that

1. Defendants' motion for summary judgment is granted with respect to Count I, and that count is dismissed with prejudice. Defendants' motion for summary judgment is denied in all other respects.

2. Defendants' motion to dismiss Counts II–VII is granted, and those counts are dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.