**Harold B. CLAYTON, Appellant,**

v.

**BLACHOWSKE TRUCK LINES, INC. and Duane Blachowske, Individually, Appellees.**

No. 86–5330.

United States Court of Appeals, Eighth Circuit.

Submitted March 9, 1987.

Decided April 7, 1987.

Jeffrey G. Stephenson, St. Paul, Minn., for appellant.

Gary G. Wollschlager, Fairmont, Minn., for appellees.

Before McMILLIAN, BOWMAN, and WOLLMAN, Circuit Judges.

PER CURIAM.

Harold B. Clayton brought this action against Blachowske Truck Lines, Inc. (Blachowske Lines) and Duane Blachowske (Blachowske) alleging that he was wrongfully terminated due to his status as a member of the Minnesota National Guard, in violation of 38 U.S.C. § 2021(b)(3). Clayton also alleged state-law claims of breach of contract, promissory estoppel, unlawful discharge, breach of an implied convenant of good faith and fair dealing, and violations of Minn.Stat. § 192.34 and § 181.64. The district court[1] granted defendants' motion for summary judgment on Clayton's claim under 38 U.S.C. § 2021(b)(3) and dismissed without prejudice the remaining counts. 640 F.Supp. 172. Clayton appeals. We affirm.

Clayton began working for Blachowske Lines on January 9, 1984, and worked there as a safety director until he was terminated on May 31, 1984. In job interviews prior to being hired, Clayton informed Blachowske, president of Blachowske Lines, that he was a member of the Minnesota National Guard and was obligated to attend drills one weekend per month, as well as a two-week period each summer. Blachowske replied that this obligation was not a problem, but that since Saturday was a very important business day Clayton would be required to work those Saturdays that he was not engaged with the Guard.

Clayton states that he was given four reasons by Blachowske for his discharge: (1) "screwing up" on a permit for a truck, (2) missing too many Saturdays from work, (3) taking long lunch breaks, and (4) not spending enough time in coveralls with the drivers. Clayton asserts that the only Saturdays he missed were those required for his Guard obligations. He argues that the other reasons given for his discharge were pretextual. He concedes that he left work at approximately noon on the other Saturdays, but claims that he had been given permission to leave early.

Blachowske contends that Clayton was given the following reasons for his termination: (1) His inability to adequately obtain the permits essential for the operation of Blachowske Lines, (2) his inability to communicate with and work with the drivers for whom he had responsibility as safety director, (3) his failure to adequately establish a safety inspection program for Blachowske Lines, (4) his continued and repeated absences from work on Blachowske Lines on those Saturdays on which he was not obligated to report to the National Guard for active duty, and (5) for his general inability to perform his job and for causing general disruption in the office of Blachowske Lines. Additionally, Blachowske contends that Clayton charged a substantial number of long-distance phone calls to Blachowske Lines' account.

---

1. The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota.

38 U.S.C. § 2021(b)(3) provides in pertinent part:

> Any person who [is employed by a private employer] shall not be denied retention in employment or any promotion or other incident or advantage of employment because of any obligation as a member of a Reserve Component of the Armed Forces.

The Supreme Court has stated that this section was "enacted for the significant but limited purpose of protecting the employee-reservist against discriminations like discharge and demotion, motivated solely by reserve status." *Monroe v. Standard Oil Co.*, 452 U.S. 549, 559, 101 S.Ct. 2510, 2516, 69 L.Ed.2d 226 (1981).

In a thorough memorandum opinion, the district court found that even when viewed in the light most favorable to Clayton, the record showed that he had not been terminated solely because of his Reserve status. It therefore granted defendants' motion for summary judgment and dismissed Clayton's pendent state claims. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

Finding no error of fact or law, we affirm the judgment on the basis of the district court's opinion. *See* 8th Cir.R. 14.