Sandra **HUMPHREYS**; Marion Paul Humphreys, Jr., Appellants,

v.

**ROCHE BIOMEDICAL LABORATORIES, INC.**; Hoffman–LaRoche, Inc.; Anna Jo Mixon; William D. Crump, M.D., Appellees.

No. 92–2917.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 23, 1993.

Decided April 13, 1993.

David Hodges argued, Little Rock, AR, for appellants.

Laura Hensley Smith argued (Sarah J. Heffley on brief), Little Rock, AR, for William Crump.

Bettina Brownstein argued, Little Rock, AR, for Anna Mixon and Roche Biomedical; James M. Moody on brief, Little Rock, AR, for Roche Biomedical.

Before RICHARD S. ARNOLD, Chief Judge, HEANEY, Senior Circuit Judge, and MORRIS S. ARNOLD, Circuit Judge.

HEANEY, Senior Circuit Judge.

This medical malpractice case comes to us from the district court's order granting summary judgment for the defendants. The district court concluded that the action was barred by the applicable statute of limitations. We affirm.

## I

On 20 April 1988, plaintiff Sandra Humphreys had a pap smear taken by a local physician in Lake Village, Arkansas, who sent it for interpretation to defendant Roche Biomedical Laboratories, Inc., in Monroe, Louisiana. On 22 April 1988, defendant Anna Jo Mixon, a cytotechnologist at Roche Biomedical misread the plaintiff's pap smear to be a normal class I, indicating no signs of malignancy. On 27 February 1990, it was discovered that the prior reading was incorrect. A correct reading identified the pap smear to be a class III, indicating early signs of cancer. Roche Biomedical notified plaintiff's physician of the corrected reading.

The plaintiff and her husband filed this lawsuit in the Circuit Court of Chicot County, Arkansas, on 17 December 1991. Their complaint charged the defendants with negligence, strict liability, breach of warranty, and outrage, all arising from the misreading of the pap smear.

After removal to federal district court, defendants Roche Biomedical, Mixon, and Hoffman–LaRoche, Inc., moved for summary judgment, arguing that the action was barred by the relevant statute of limitations. In a cross-motion the plaintiffs moved for more time to complete discovery. The district court denied the discovery request and granted summary judgment on 2 March 1992.

The remaining defendant, Dr. William D. Crump, a pathologist who had worked for Roche Biomedical when plaintiff's pap smear was misread, moved for summary judgment on 3 March 1992, also citing the statute of limitations. In response, on 16 March 1992, the plaintiffs moved to amend their complaint against Crump. On 11 August 1992 the district court denied the motion to amend and granted Crump's motion for summary judgment. This appeal followed.

## II

◼ The relevant Arkansas statute requires that medical malpractice actions be filed within two years of the alleged wrongful act: "All actions for medical injury shall be commenced within two (2) years after the cause of action accrues.... The date of accrual of the cause of action shall be the date of the wrongful act complained of and no other time." Ark.Code Ann. § 16–114–203(a), (b) (1987).

There is no dispute that the principal wrongful act occurred when Mixon misread the pap smear on 22 April 1988, and that a cause of action based on that act alone would be time-barred by the statute. The plaintiffs contend their suit is timely, however, because the complaint may be read broadly to allege subsequent discrete acts of negligence, including the failure to discover the original mistake, and the failure to warn patients of a possible misreading. The complaint, in pertinent part, states that "[d]efendants were guilty of negligence in failing to properly identify the pap smear that was submitted and giving the plaintiff an incorrect and inaccurate reading on the pap smear." Complaint, ¶ 8. The district court properly concluded that the complaint asserts only negligence in misreading the pap smear in April 1988, and that the statute of limitations had run before the complaint was filed.

◼ The district court also properly rejected the assertions that this was a continuing tort, accruing freshly until the mis-

take was discovered, and that the "discovery rule" applied, allowing the statute to run from the time at which the plaintiffs learned of the negligence. With one exception not here relevant, Arkansas courts do not recognize either the discovery rule or a continuing tort theory in the context of medical malpractice cases. *Treat v. Kreutzer*, 290 Ark. 532, 720 S.W.2d 716 (1986).

### III

■ The plaintiffs further contend that the district court abused its discretion by not postponing the summary judgment ruling until completion of discovery. They argue that the denial of their request for a continuance deprived them of the opportunity to obtain the information necessary to support their allegations. Rule 56 of the Federal Rules of Civil Procedure does not require trial courts to allow parties to conduct discovery before entering summary judgment. *United States v. Light*, 766 F.2d 394, 397 (8th Cir.1985). The party defending a motion for summary judgment before discovery is adequate may request the court to postpone ruling on the motion until the discovery can be conducted. Fed. R.Civ.P. 56(f). This provision, however, " 'is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious.' " *Light*, at 397 (quoting *Willmar Poultry Co. v. Morton–Norwich Products, Inc.*, 520 F.2d 289, 297 (8th Cir.1975), *cert. denied*, 424 U.S. 915, 96 S.Ct. 1116, 47 L.Ed.2d 320 (1976)).

> A party invoking its protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required ... and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact. Where, as here, a party fails to carry his burden under Rule 56(f), postponement of a ruling on a motion for summary judgment is unjustified.

*Willmar Poultry Co.*, 520 F.2d at 297. The plaintiffs in this case failed to file any

affidavit specifying to the court what further discovery might unveil, its relevance to the issues pleaded, or how it might overcome the facially time-barred complaint. We find no abuse of discretion in the district court's grant of summary judgment before plaintiffs had conducted further discovery.

### IV

■ The plaintiffs also cite as error the district court's denial of their motion to amend the complaint. After a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15. Whether to grant leave to amend complaints is left to the sound discretion of the district courts. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971). If leave had been granted in this case, the plaintiffs would have amended the complaint to include several additional allegations, including failure to implement proper review and audit procedures, and failure to detect the mistake or warn of the potential for errors after the defendants knew or reasonably should have known of a series of similar errors.

We note initially that the district court already had granted summary judgment for and dismissed the original complaint against defendants Roche Biomedical, Mixon, and Hoffman–LaRoche, Inc., at the time of the motion to amend. The plaintiffs, in fact, made no specific motion to amend the complaint against the already dismissed defendants, but did file a "motion to reconsider" the previous order granting summary judgment, and urged the court to consider the allegations in the proposed amended complaint when ruling on the motion. The Federal Rules of Civil Procedure do not provide for a "motion to reconsider." Nonetheless, if we broadly interpret the motion as one for relief from the order under Rule 60(b)(6), and further construe the relief sought as leave to amend the complaint, we still find no abuse

of discretion in the district court's denial of the relief.

■ Although a pretrial motion for leave to amend one's complaint is to be liberally granted, different considerations apply to motions filed after dismissal. *Dorn v. State Bank of Stella*, 767 F.2d 442, 443 (8th Cir.1985). After a complaint is dismissed, the right to amend under Fed. R.Civ.P. 15(a) terminates. *Id.* Leave to amend may still be granted, but

> "a district court does not abuse its discretion in refusing to allow amendment of pleadings to change the theory of a case if the amendment is offered after summary judgment has been granted against the party, and no valid reason is shown for the failure to present the new theory at an earlier time."

*Littlefield v. City of Afton*, 785 F.2d 596, 610 (8th Cir.1986) (quoting *Freeman v. Continental Gin Co.*, 381 F.2d 459, 470 (5th Cir.1967)).

■ In the instant case, the plaintiffs provided the court with no explanation for their delay in seeking leave to amend the complaint. The desired amendments, moreover, are conclusory allegations with no factually supportive affidavits or other documentation to bolster a finding that they should otherwise be allowed in the interest of justice. Although these allegations would be sufficient under our liberal standards of notice pleading for a pre-dismissal complaint, they do not present satisfactory grounds for the relief requested in this case.

■ We likewise find no abuse of discretion in the district court's denial of the plaintiffs' motion for leave to amend the complaint against defendant Crump. It is settled law that district courts may properly deny leave to amend if the proposed changes would not save the complaint. *Weimer v. Amen*, 870 F.2d 1400, 1407 (8th Cir.1989). We specifically do not reach the issue whether the new allegations in the proposed amended complaint successfully allege distinct wrongful acts of negligence apart from the original misreading of the pap smear. That analysis is unnecessary because, regardless of the conclusion, the complaint as against Crump would still be time-barred.

We find no factual dispute in the record that Crump terminated his employment with Roche Biomedical before March 1989 to take up a fellowship at Loyola University beginning in July 1989. The complaint, however, was not filed until 17 December 1991, more than two years later. Consequently, even if we were to conclude that Crump's conduct constituted multiple separate acts of medical malpractice under Arkansas law, and even if this conduct continued until his departure in 1989, the action against him would still fail. We find no abuse of discretion in denying the motion to amend.

## V

■ The plaintiffs also raise a constitutional challenge to the statute of limitations. The strict two-year statute of limitations on medical malpractice actions in Arkansas provides one enumerated exception:

> [W]here the action is based upon the discovery of a foreign object in the body of the injured person which is not discovered and could not reasonably have been discovered within such two-year period, the action may be commenced within one (1) year from the date of discovery or the date the foreign object reasonably should have been discovered, whichever is earlier.

Ark.Code Ann. § 16–114–203(b) (1987). Based on that exception, the plaintiffs argue that the statute is unconstitutional because it denies equal protection of the law. They argue that there is no rational basis for allowing some litigants who bring malpractice actions to benefit from the discovery rule, but not extending the benefit to others similarly situated, and that the statute therefore violates the Constitution.

On this point we make two observations. First, the plaintiffs did not raise this issue in the district court, and we therefore need not consider it on appeal. Second, even if the plaintiffs had the advantage of the discovery rule exactly as it now applies to those who discover foreign objects in the

body, their cause of action still would be time-barred because they did not initiate their lawsuit within one year after having discovered the misread pap smear.

Accordingly, based on the foregoing, we affirm the district court's grant of summary judgment.