16 F.3d 1228
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Christine RAWLINGS, Appellant,
v.
IOWA DEPARTMENT OF HUMAN SERVICES, Appellee.
 No. 93-2390.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 9, 1993.
Filed: January 11, 1994.
 
 Before JOHN R. GIBSON,* MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Christine Rawlings appeals from the district court's[1] order denying her leave to amend her 42 U.S.C. Sec. 1983 complaint after the court granted summary judgment in favor of the Iowa Department of Human Services (Department). We affirm.
 
 
 2
 Rawlings alleged in her pro se complaint that the Department deprived her of Medicare and Medicaid benefits without due process and administered the Medicaid program arbitrarily. Rawlings sought only monetary relief.
 
 
 3
 The Department moved for summary judgment, arguing that Rawlings could not sue a public entity such as itself under section 1983. It argued, as an arm of the state, it was immune from suit under the Eleventh Amendment. Moreover, Rawlings had failed to exhaust state remedies, and, in any event, Rawlings was barred from obtaining the relief sought because compensatory damages may be obtained only from a state official named in his or her individual capacity. Rawlings had sued only the Department.
 
 
 4
 Rawlings resisted the motion, arguing that the Department enjoys only qualified immunity which does not protect it from allegations of abuse of authority. She further contended that she does not have to exhaust state remedies before suing under section 1983, and the fact she had sued only the Department was "irrelevant." The district court granted summary judgment on the ground that the Department is not a "person" under section 1983, citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).
 
 
 5
 Rawlings moved to set aside the order of dismissal and asked the court to allow her to amend her complaint "to name Charles M. Palmer, Director of the Iowa Department of Human Services, as defendant." The district court denied Rawlings' motion, holding that her request to amend the complaint was untimely. Rawlings appeals this order.
 
 
 6
 We agree with the district court that the motion is untimely. After a complaint is dismissed, the right to amend under Federal Rule of Civil Procedure 15(a) terminates. Humphreys v. Roche Biomedical Lab., Inc., 990 F.2d 1078, 1082 (8th Cir. 1993). A district court, however, may still allow amendment of the complaint; such amendments should be granted liberally unless the court has indicated that no amendment is possible or the action is dismissed. See Czeremcha v. International Ass'n of Machinists & Aerospace Workers, AFL-CIO, 724 F.2d 1552, 1556 & n. 6 (11th Cir. 1984).
 
 
 7
 Unless it states otherwise, an order dismissing a complaint creates a presumption that it is a final dismissal of the action. Quartana v. Utterback, 789 F.2d 1297, 1300 (8th Cir. 1986). In this case, the district court's summary judgment order dismissed the complaint, thus raising the presumption of finality. More significantly, the district court in a footnote stated explicitly that its order dismissed the action. District Ct. Order, at 10 n. 4. Thus, because Rawlings' motion to amend her complaint was filed after the action was finally dismissed, the district court properly refused her leave to amend.
 
 
 8
 Accordingly, we affirm the order of the district court.
 
 
 
 *
 THE HONORABLE JOHN R. GIBSON assumed senior status on January 1, 1994
 
 
 [1]
 The Honorable Mark W. Bennett, United States Magistrate Judge for the Southern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)