_____

No. 95-2271
_____

Evelyn Holliman, as            *
Administratrix of the Estate   *
of Chester Ray Holliman, the   *
deceased and on her own behalf, *
                               *
        Appellant,             *
                               *
    v.                         *   Appeal from the United States
                               *   District Court for the
City of Marked Tree, Arkansas, *   Eastern District of Arkansas.
a Municipal entity; Jack       *
Richardson, Marked Tree,       *      **[UNPUBLISHED]**
Arkansas Police Officer; Rick  *
Crum, Jailer of the Marked     *
Tree, Arkansas City Jail,      *
                               *
        Appellees.             *
                    _____

            Submitted:  February 16, 1996

               Filed:  February 22, 1996
                    _____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
                    _____


PER CURIAM.

    Evelyn Holliman appeals the district court's[1] order granting
summary judgment to defendants in her 42 U.S.C. § 1983 action.  We
affirm.

    Evelyn Holliman filed this complaint as the administratrix of
the estate of her deceased husband, Chester Holliman, and also on

_____

[1]The HONORABLE STEPHEN M. REASONER, Chief Judge, United States
District Court for the Eastern District of Arkansas.

her own behalf as Chester's widow.  Defendants moved for summary judgment.  After Holliman did not respond, the district court filed an order directing her to do so within seven days; the court noted that if Holliman failed to respond, the court "[would] grant defendants' motion, if appropriate."  Eight days later, Holliman telefaxed to the court a motion for an extension of time to respond to defendants' motion.  She attached a supporting affidavit by one of her attorneys, State Senator Roy C. Lewellen, who attested, among other things, that he had been in legislative session; that his co-counsel had been unable to assist in Holliman's case because of scheduling conflicts; and that he needed to complete discovery in order to fully respond to defendants' summary judgment motion.

After defendants responded, the district court denied Holliman's motion for an extension of time, and proceeded to the merits of defendants' summary judgment motion.  Concluding that Holliman had failed to go beyond her pleadings and controvert the information in defendants' affidavits, the court granted summary judgment for defendants on Holliman's federal claims, and dismissed without prejudice Holliman's pendent state law claims.  Holliman then filed a motion for reconsideration, which the court denied, and this appeal followed.

Holliman argues the court erred in granting summary judgment prior to the completion of discovery.  We disagree.  Although Federal Rule of Civil Procedure 56 does not require district courts to allow parties to conduct discovery before entering summary judgment, a "party defending a summary judgment motion before discovery is adequate may request the court to postpone ruling on the motion until the discovery can be conducted."  Humphreys v. Roche Biomedical Lab., Inc., 990 F.2d 1078, 1081 (8th Cir. 1993) (citing Rule 56(f)).  The party must do so, however, by affirmatively showing why the party cannot respond to the movant's affidavits, and how postponement of a ruling will enable the party to rebut the movant's showing of the absence of a genuine issue of

-2-

fact.  Id.

The district court here warned Holliman of its intent to rule on the summary judgment motion if she did not respond within seven days; when Holliman responded eight days later with her request for additional time, she merely relied on her attorneys' schedules and conclusory statements that completion of discovery was necessary to fully respond to defendants.  We conclude that the district court did not abuse its discretion in denying Holliman's motion for an extension of time.  See id.

Holliman also argues that the district court erred in refusing to stay proceedings, as required by Arkansas law, based on Lewellen's status as a state legislator.  Holliman first raised this "legislative-immunity" claim in a single statement in an affidavit attached to her motion for reconsideration.  We note that the Arkansas statute addressing legislative immunity--Ark. Code Ann. § 16-63-406 (Michie 1987)--by its terms, properly limits its stay-of-proceedings mandate to "courts of this state."  We also note that Holliman was represented by two other attorneys in addition to Lewellen.  See McConnell v. State, 302 S.W.2d 805, 807 (Ark. 1957).  We conclude the district court did not abuse its discretion in denying Holliman's motion for reconsideration.  See Twin City Constr. Co. v. Turtle Mountain Band of Chippewa Indians, 911 F.2d 137, 139 (8th Cir. 1990); Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.