Nos. 95-1407/2101

James Frederick Newport,      *
                              *
          Appellant,          *
                              *
     v.                       *
                              *
Ford Motor Company,           *
                              *   Appeals from the United States
          Appellee,           *   District Court for the
                              *   Western District of Missouri
International Union, United    *
Automobile, Aerospace &       *
Agricultural Implement Workers *
of America, Local 249,        *
                              *
          Defendant.          *

———————————

Submitted:  June 6, 1996

Filed:  August 6, 1996

———————————

Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.

———————————

McMILLIAN, Circuit Judge.

In this consolidated appeal, James Frederick Newport appeals from two final judgments of the District Court[1] for the Western District of Missouri, one granting former employer Ford Motor Company (Ford) summary judgment in Newport's action challenging his termination (No. 95-1407), and another denying Newport's motion for contempt (No. 95-2101).  For the reasons discussed below, we affirm in both cases.

---

[1]The Honorable Elmo B. Hunter, United States District Judge for the Western District of Missouri.

**Contempt Motion (No. 95-2101)**

In March 1979, Newport filed an action against Ford seeking restoration of lost seniority rights following his military leave of absence.  Ford agreed to accord Newport a seniority date of August 23, 1976.  The district court[2] entered judgment accordingly.

In September 1993, Newport sought an order holding Ford in contempt of the consent judgment, claiming Ford denied him his contractual rights by subjecting him to a battery and terminating him.  Ford moved to dismiss.  The district court denied the motion for contempt, concluding that the consent judgment expressly provided for a seniority date and implicitly guaranteed certain corollary benefits, but it did not ensure Newport "a lifetime position at Ford."  Because we agree with the district court's conclusion that Ford did not violate the consent judgment by firing Newport, we affirm.  See United States v. Knote, 29 F.3d 1297, 1299 (8th Cir. 1994) (contract rules apply to interpretation of consent decree).

**Action Challenging Termination (No. 95-1407)**

Newport filed an action claiming Ford violated the Veterans' Reemployment Rights Act (VRRA), 38 U.S.C. § 2021(b)(3) (1991),[3] when Ford terminated him in October 1990 after he had an altercation with a coworker.  Newport made the following allegations.  Newport contended that several employees resented him for obtaining increased seniority rights under the above-mentioned consent judgment and that Ford reinforced that resentment.  In

---

[2]The Honorable William R. Collinson, late a United States District Judge for the Western District of Missouri.

[3]In 1992, the code sections of this Act were renumbered to 38 U.S.C. §§ 4301-4307.  See Veterans Benefits Act of 1992, Pub. L. No. 102-568, tit. V, § 506(a), 1992 U.S.C.C.A.N. (106 Stat.) 4340.

September 1990, Newport's military reserve unit asked him to confirm his availability for service. Newport asked his foreman for extra time to make the call; the foreman eventually granted him five minutes, but penalized him for taking longer. The foreman and a labor relations supervisor made negative comments to him about his reserve duty, which Newport alleged was evidence of Ford's antagonism towards reservists. His foreman then reassigned Newport to a position he could not physically perform.

Newport alleged that, soon after his reassignment, he was attacked with deadly force by a coworker because he volunteered for military service, exercised his restored seniority rights, and circulated petitions about veterans' benefits. Newport alleged that he did not provoke the attack and that he used reasonable force in self-defense. Ford discharged Newport after a disciplinary hearing. In this action, he sought reinstatement to his job.

Ford moved for summary judgment, arguing that Newport's claim that he was discriminated against because he was a reservist failed as a matter of law, because the statute provided protection only where such reserve status was the *sole* motivation for the discharge. Supporting affidavits showed, inter alia, that an arbitrator had upheld Newport's discharge, concluding credible evidence suggested Newport was the aggressor and was not provoked into striking the coworker.

The district court stayed all discovery, with the proviso that Newport could move for specific discovery necessary for his response to the summary judgment motion. Newport's subsequent requests for discovery were denied.

In response to the summary judgment motion, Newport argued, inter alia, there were sufficient disputed facts showing his termination was motivated by discriminatory animus against his

reserve status to defeat summary judgment. Newport attached affidavits attesting to Ford employees' negative attitudes regarding Newport and reservists generally.

Newport moved to amend his complaint, seeking to add new plaintiffs, defendants, and claims, and requesting damages of $10.2 billion. The district court, noting the prejudice to defendants, denied the motion.

In granting Ford's summary judgment motion, the district court stated that a VRRA claimant must show not only that he was discriminated against because of reserve status, but "that the alleged discrimination was motivated solely by Reserve status," citing Clayton v. Blachowske Truck Lines, Inc., 640 F. Supp. 172, 174 (D. Minn. 1986), aff'd, 815 F.2d 1203 (8th Cir. 1987) (Clayton). The district court concluded that the evidence Newport submitted showed that several of his coworkers did not like him and were annoyed by his campaigning for veterans' dependent benefits, that his foreman did not like him, that a labor relations supervisor said he would fire Newport, that some union representatives did not believe Newport deserved special rights because of his reserve status, and that Ford fired Newport; but concluded the evidence did not show Newport's military obligations were even a motivating factor, much less the sole reason, for his termination. Thus, the district court concluded the evidence was insufficient to allow a reasonable jury to find Ford discriminated against Newport even *partially* because of his reserve status. Newport moved for reconsideration, which the district court denied.

The heart of Newport's appeal is his contention that the district court erred in applying the "sole motivation" standard, rather than the "but for" or "motivating factor" test. The relevant law at the time of Newport's termination provided: "Any person who [is employed by a private employer] shall not be denied retention in employment or any promotion or other incident or

advantage of employment because of any obligation as a member of the Reserve component of the Armed Forces." 38 U.S.C. § 2021(b)(3).

Newport argues that the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C. § 4311(b)(Supp. 1995)--which replaced the "sole cause" standard with a "motivating factor" standard--should be applied retroactively. The Supreme Court, interpreting the existing law in 1981, held that the VRRA "was enacted for the significant but limited purpose of protecting the employee-reservist against discriminations like discharge and demotion, motivated solely by reserve status." Monroe v. Standard Oil Co., 452 U.S. 549, 559 (1981) (Monroe); see also Clayton, 815 F.2d at 1204-05 (affirming summary judgment for employer in VRRA action where employee's termination not solely because of his reserve status). Regardless of selected portions of the legislative debates to the contrary, the Supreme Court's interpretation would control until overridden by legislative amendment. See Plaut v. Spendthrift Farm, Inc., 1 F.3d 1487, 1499 (6th Cir. 1993) (Congress must amend statute when it disagrees with Court's interpretation), aff'd, 115 S. Ct. 1447 (1995).

Congress amended the statute and provided that a violation occurs when a person's membership in the uniformed services is a motivating factor in the employer's action. See 38 U.S.C. § 4311(b) (Supp. 1995). Congress, however, expressly determined that these amendments were prospective. See Pub. L. No. 103-353, § 8(b), 1994 U.S.C.C.A.N. (108 Stat.) 3149, 3175-76 (discrimination provisions of USERRA effective on day of enactment (October 13, 1994)). But see Gummo v. Village of Depew, 75 F.3d 98, 105-06 (2d Cir.) (holding amended standard applies to pre-existing cases), cert. denied, 116 S. Ct. 1678 (1996). Thus, the district court properly applied the "sole cause" test articulated in Monroe to Newport's 1990 claims.

We also conclude the district court properly granted summary judgment on the evidence. There was no dispute as to the material facts that Newport was terminated after striking a coworker and that his termination was upheld by an arbitrator (who determined the penalty was within the range of reasonableness). Any facts showing that Ford discriminated against Newport on account of his reserve status were therefore immaterial because Newport could not (and did not) show such discrimination was the sole cause of his termination. We reject as meritless Newport's arguments that the district court improperly shifted the burden to him, erred in its fact-finding and weighing of the evidence, and disregarded evidence.

Newport bore the burden of showing that additional discovery would allow him to rebut Ford's showing of the absence of a genuine issue of fact. See Humphreys v. Roche Biomedical Laboratories, Inc., 990 F.2d 1078, 1081 (8th Cir. 1993). Because the evidence Newport sought would not rebut Ford's evidence that his discharge was not solely because of his reserve status, the district court did not abuse its wide discretion in discovery matters by denying additional discovery. See id. (standard of review).

The district court also did not abuse its discretion in denying Newport leave to file an amended complaint. See Wishon v. Gammon, 978 F.2d 446, 448 (8th Cir. 1992) (standard of review); Brown v. Wallace, 957 F.2d 564, 565-66 (8th Cir. 1992) (factors to consider in granting motion to amend under Fed. R. Civ. P. 15(a)).

Finally, we deny Newport's motions to expand the record on appeal, to reverse another of his district court cases, and to require Ford to identify documents. We also deny Ford's motion to strike Newport's exhibits.

Accordingly, we affirm the judgments of the district court.

A true copy.

Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.