Joseph L. ELLIOTT; Keith Moore; Michael J. Sirmons; Eddie J. Webster; Joe S. Brown, Appellants,

v.

James BYERS; A.L. Lockhart; K.E. Luckett; Larry Norris; Harry Rhodes; Melvin Evans; Oscar Fuller; Curtis Hampton; W. Warfield, Appellees.

No. 91–3229.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 17, 1992.

Decided Sept. 24, 1992.

Joyce Bradley Babin, Little Rock, Ark. (Letty C. McAdams, on the brief), for appellants.

William F. Knight, Little Rock, Ark., for appellees.

Before RICHARD S. ARNOLD, Chief Judge, FAGG, and MAGILL, Circuit Judges.

PER CURIAM.

Joseph L. Elliott and several other Arkansas prisoners (the inmates) appeal a judgment adverse to their civil rights claim against several prison officials. We affirm.

The inmates, maximum security prisoners in administrative segregation, are required to work on hoe squads in a shoulder to shoulder "tightened down" formation. The inmates assert this practice violates their Eighth Amendment right to be free from cruel and unusual punishment because there is a pervasive risk of attack by other prisoners. Deciding the prison officials did not violate the inmates' Eighth Amendment right, the jury denied damages, and the district court denied declaratory and injunctive relief. On appeal, the inmates contend it is cruel and unusual punishment as a matter of law to compel them to work on an administrative segregation hoe squad.

■ To prevail on their Eighth Amendment claims, the inmates had to show the prison officials were deliberately indifferent to their right to be free from attacks by other prisoners. *Falls v. Nesbitt*, 966 F.2d 375, 377 (8th Cir.1992). The inmates could prove deliberate indifference by showing the prison officials either intended to deprive them of their right or acted with reckless disregard of their right. *Id.* at 378. The inmates assert the prison officials recklessly disregarded the risk of pris-

oner attacks on the administrative segregation hoe squads.

■ To establish reckless disregard, the inmates had to show they were faced with a pervasive risk of harm and the prison officials failed to respond reasonably to that risk. *Id.* Prisoners ordinarily may not show a pervasive risk of harm from a single incident or isolated incidents. *Id.* They may show a pervasive risk of harm from frequent assaults that place a prisoner or group of prisoners in reasonable fear for their safety. *Id.*

■ When reviewing a jury verdict, we view the evidence in the light most favorable to the prevailing party. *Thomas v. Booker*, 762 F.2d 654, 659 (8th Cir.1985). Similarly, we accept the district court's findings of fact unless clearly erroneous. *Falls*, 966 F.2d at 377. Having reviewed the record, we conclude the jury and district court, having assessed the credibility of the witnesses and having resolved factual conflicts in the evidence, could properly determine the inmates' Eighth Amendment right was not violated.

■ Although evidence of twenty-seven isolated prisoner attacks was admitted, none of the attacks involved the inmates or occurred on an administrative segregation hoe squad in a regular or tightened down formation. Only one inmate testified he had been threatened by other prisoners while on an administrative segregation hoe squad, but he did not report the threats to any prison official and could not identify who threatened him or the date he was threatened. We conclude this evidence did not establish a pervasive risk of harm as a matter of law. *See McGhee v. Foltz*, 852 F.2d 876, 880 (6th Cir.1988) (requiring evidence that the prisoner was a member of a subset of prisoners exposed to a pervasive risk of harm).

■ Even if a pervasive risk of harm were established, we conclude the inmates failed to show prison officials reacted unreasonably as a matter of law. An armed guard supervises each eight-prisoner hoe squad. Prisoners are separated at the first sign of trouble, and prisoners can avoid

other prisoners in advance by listing their names on an enemy alert list. In extreme cases, one-man hoe squads are used. Given the security measures in this case, we cannot say the prison officials failed to respond reasonably to any potential risk the inmates faced. After carefully reviewing the record, we conclude the inmates failed to establish an Eighth Amendment violation as a matter of law.

Accordingly, we affirm.