986 F.2d 502
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Anthony L. AUSTIN, Appellant,
v.
Joseph C. VITEK; William McPhillips; Dennis Miller; Fred
Jackson; Robert Trosper; Douglas Whiting;
Douglas Squires; Nancy Freudenthal, Appellees.
 No. 92-1954.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 6, 1993.
Filed: February 3, 1993.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Anthony L. Austin, a Nebraska inmate, appeals from the district court's[1] grant of summary judgment to defendant prison officials in his 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 On June 10, 1990, while incarcerated at the Douglas County Correctional Center, Austin was involved in a dispute with inmate Anthony Jackson and another inmate over use of the telephone. After hearing Jackson threaten to hit Austin, a prison guard warned Jackson that the consequence of any future threats to Austin would be lockdown. The guard observed the men watching television together peacefully later that evening.
 
 
 3
 Two days later, Austin and Jackson participated in a recreational basketball game in which they were members of opposing teams. Austin believed that Jackson was fouling him repeatedly, and pushed Jackson in what he asserts was an attempt to demonstrate the nature of the fouls. In response, Jackson struck Austin, knocking him to the ground. Prison officials immediately separated the men and provided medical assistance to Austin.
 
 
 4
 Austin then brought this action, claiming that defendant prison officials had violated his civil rights when they failed to protect him from Jackson, because they were on notice that Jackson had threatened him two days earlier. He also claimed that a prison nurse was deliberately indifferent to his serious medical needs by refusing to treat his injuries after the assault.
 
 
 5
 We conclude that the district court correctly granted summary judgment to defendants. The record reveals insufficient evidence from which a reasonable factfinder could conclude that defendants were deliberately indifferent to his right to be free from attacks by Jackson, either by intentionally depriving him of this right or by recklessly disregarding this right. See Elliott v. Byers, 975 F.2d 1375, 1376 (8th Cir. 1992) (per curiam). To establish reckless disregard, Austin must demonstrate that a pervasive risk of harm to him existed and that defendants failed to respond reasonably to that risk. See id. We conclude that Jackson's isolated threat two days earlier was insufficient to demonstrate a pervasive risk of harm. "Prisoners ordinarily may not show a pervasive risk of harm from a single incident or isolated incidents." Id. We note that Austin did not allege that he sought protection from Jackson, and he voluntarily chose to engage in a contact sport with him. Further, the record belies Austin's claim that defendants were deliberately indifferent to his serious medical needs; medical records show that defendants repeatedly provided Austin with medical treatment, including a head x-ray, subsequent to the assault.
 
 
 6
 Finally, we conclude that the district court did not abuse its discretion in denying Austin's motion for leave to file a second amended complaint. See Brown v. Wallace, 957 F.2d 564, 565 (8th Cir. 1992) (per curiam) (standard of review). As the district court noted, the motion was filed late in the proceedings and did not specify what additional claims Austin desired to add.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable William G. Cambridge, United States District Judge for the District of Nebraska