16 F.3d 1228
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Tommie E. MASON, Appellant,
v.
Warden BRADBERRY, Cummins Unit, ADC; Major Hall, Cummins
Unit, ADC; D.W. Tate, Captain, Cummins Unit, ADC;
James Banks, Classification Officer,
Cummins Unit, ADC, Appellees.
 No. 93-2359.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 1, 1994.
Filed: February 4, 1994.
 
 Before McMILLIAN, MAGILL, BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Tommie E. Mason, an Arkansas prisoner, appeals the district court's[1] dismissal of his 42 U.S.C. Sec. 1983 action against prison officials. We affirm.
 
 
 2
 In July 1989, Mason complained to prison officials about sexual harassment by inmate I. Newson. Prison officials placed Newson on Mason's enemy alert list, insuring that Mason and Newson were not housed in the same barracks or assigned to the same job. Shortly thereafter, Newson was placed in administrative segregation for his harassment of other inmates. Eleven months later, defendants released Newson from administrative segregation after finding his conduct had improved. Eight months after Newson's release from administrative segregation-and two months after Mason took Newson off his enemy alert list-Newson allegedly raped Mason. Prison officials again placed Mason and Newson on each other's enemy alert list and conducted a lengthy investigation.
 
 
 3
 Mason subsequently filed this section 1983 complaint against defendants, alleging that they violated his constitutional rights. The district court adopted the magistrate judge's[2] report, issued after an evidentiary hearing, and dismissed Mason's section 1983 action. Mason timely appealed.
 
 
 4
 Under the Eighth Amendment, a prisoner has a right to be protected from harm by fellow inmates. Falls v. Nesbitt, 966 F.2d 375, 377 (8th Cir. 1992). To prevail on a section 1983 failure-to-protect claim against prison officials, a prisoner must show that the officials were deliberately indifferent "either because they actually intended to deprive him of some right, or because they acted with reckless disregard of his right to be free from violent attacks by fellow inmates." Id. at 377-78. To establish reckless disregard, a prisoner must demonstrate that he faced a pervasive risk of harm and that prison officials failed to respond reasonably to that risk. Elliott v. Byers, 975 F.2d 1375, 1376 (8th Cir. 1992) (per curiam). A pervasive risk of harm requires evidence of frequent violence or sexual assaults that place a prisoner in reasonable fear for his safety. Id. This court reviews de novo the district court's conclusion that no Eighth Amendment violation occurred. Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993).
 
 
 5
 Mason argues that the court placed too much emphasis on his removing Newson from his enemy alert list. This fact, however, tended to show that Mason did not fear for his safety. No evidence was presented that Newson assaulted any other inmate while he was in administrative segregation, or during the eight months following his release from administrative segregation until the alleged assault on Mason. Cf. Andrews v. Siegel, 929 F.2d 1326, 1331 (8th Cir. 1991) (fact that inmate Wright had no problems with any other prisoner during seven-month period preceding incident of violence with fellow inmate supported prison's conclusion that Wright had not posed a serious threat). Also, Mason filed no complaints about Newson's conduct during those eight months. Instead, he removed Newson from his enemy alert list. In addition, Mason testified at his evidentiary hearing that he did not fear Newson. Because Mason failed to show that he faced a pervasive risk of fear of attack from Newson following Newson's release from administrative segregation, we agree with the district court's conclusion that no Eighth Amendment violation occurred.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Elsijane Trimble Roy, United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas