_____

No. 95-3041

_____

Rodger B. Selvey,                          *
                                           *
          Appellant,                       *
                                           *
     v.                                    *
                                           *
City of St. Louis,                         *
                                           *
          Defendant,                       *
                                           *
Edward F. Tripp; Julian Boyd;              *
Alice Pollard; Dave Kovak;                 *
Samuel Smith; Unknown Morrow,              *
Dr.; Unknown Hervey; Unknown               *
Townsend; Unknown Udo,                     *
                                           *
          Appellees.                       *


     _____                    Appeals from the United States
                                    District Court for the
No. 95-3045                         Eastern District of Missouri
     _____

Reginald S. Carr,                          *          [UNPUBLISHED]
                                           *
          Appellant,                       *
                                           *
     v.                                    *
                                           *
City of St. Louis,                         *
                                           *
          Defendant,                       *
                                           *
Edward F. Tripp; Julian Boyd;              *
Alice Pollard; Dave Kovak;                 *
Samuel Smith; Unknown Morrow,              *
Dr.; Unknown Hervey; Unknown               *
Townsend; Unknown Udo,                     *
                                           *
          Appellees.                       *
                                       _____

               Submitted: April 5, 1996

                  Filed: April 24, 1996
                                       _____

Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.

PER CURIAM.

Rodger B. Selvey and Reginald S. Carr appeal from a final order of the District Court[1] for the Eastern District of Missouri granting defendant St. Louis city jail officials summary judgment in these consolidated 42 U.S.C. § 1983 actions. For the reasons discussed below, we affirm.

In his amended complaint, Selvey alleged that two administrators failed to respond to his resident requests complaining about his inability to see a doctor and the medical care provided by Nurse Rosalyn Harvey; that a social services supervisor failed to ensure that detainee Ricky Bailey was tested for tuberculosis before placing him in Selvey's cell tier; that Selvey had to wait once for forty-two days and once for three months to see a doctor; and that medical personnel failed to take reasonable steps to protect Selvey from contracting tuberculosis by failing to adequately test and screen Bailey for tuberculosis. Carr alleged that defendants knowingly exposed him to tuberculosis when they placed an inmate (Bailey), infected with active tuberculosis in Carr's cell tier, and failed to provide adequate follow-up care and treatment.

Defendants moved for summary judgment in both cases. Defendants provided copies of Selvey's resident requests and relevant medical records, and argued the requests Selvey sent to the administrators were insufficient to put them on notice of any serious medical need. Medical records indicated Harvey responded

_____

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

once within one day and once within thirteen days to Selvey's request for medical treatment, but that neither medical requests notified her of a serious medical need. Defendants also provided evidence of the jail's screening policy for tuberculosis and that such screening was conducted regularly, in accordance with the policy. They provided evidence that Bailey's active tuberculosis was unknown at the time of his cell assignment and that, when it was discovered by the city health department, all jail residents who had had contact with Bailey were tested and treated.

The district court granted defendants summary judgment in both cases, concluding that Selvey failed to support the subjective component of the deliberate indifference test in his failure-to-screen claim against medical personnel because there was sufficient evidence that regular screening was conducted and the failure to detect Bailey's tuberculosis was, at most, evidence of negligence. In addition, the district court concluded the claims that defendants deliberately denied or delayed medical treatment were not supported by the evidence, and any delay in treatment amounted merely to negligence and did not create an acute or escalating situation. The district court concluded that Carr failed to allege any personal involvement by any defendant named in the complaint.

This court reviews a grant of summary judgment de novo, applying the same standard as the district court. Earnest v. Courtney, 64 F.3d 365, 366-67 (8th Cir. 1995) (per curiam).

We conclude the district court's grant of summary judgment was appropriate because Selvey and Carr failed to make a sufficient showing that defendants acted with deliberate indifference to their serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Smith v. Jenkins, 919 F.2d 90, 92 (8th Cir. 1990); see also Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993) (per curiam) (deliberate indifference standard applies to pretrial detainees).

First, Selvey and Carr did not contradict defendants' evidence that the jail had a system for screening for tuberculosis, that defendants were unaware Bailey had active tuberculosis until so informed by the health department, and that defendants' failure to detect and prevent their exposure to Bailey's tuberculosis amounted, at most, to negligence, which is not actionable under 42 U.S.C. § 1983. Cf. Farmer v. Brennan, 114 S. Ct. 1970, 1979-81 (1994) (inmate must show in failure-to-protect claim officials were subjectively aware of and disregarded substantial risk of serious harm); Elliott v. Byers, 975 F.2d 1375, 1376 (8th Cir. 1992) (per curiam) (prisoner must show pervasive risk of harm and failure of officials to respond reasonably to risk); see also Ervin v. Busby, 992 F.2d 147, 151 (8th Cir.) (per curiam) (jail officials' negligence did not support § 1983 claim), cert. denied, 114 S. Ct. 220 (1993).

In addition, the district court correctly concluded that Selvey did not provide sufficient evidence that defendants deliberately delayed medical treatment. Selvey did not assert that any delay in seeing a doctor harmed his medical situation. See Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (record must establish detrimental effect of delay in treatment).

The district court did not abuse its discretion in denying Selvey's motions for appointment of counsel. See Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991), cert. denied, 504 U.S. 930 (1992).

Finally, we agree that Carr did not demonstrate how any of the defendants were personally involved in violating his constitutional rights.

Accordingly, we affirm the judgment of the district court.

-4-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.