**Elizabeth BROWN, Appellant,**

v.

**Virginia WALLACE, Warden; Ron Jordison, Project Manager, Appellees.**

**No. 91–2329.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 11, 1992.

Decided Feb. 21, 1992.

Tonia P. Jones, Little Rock, Ark., for appellant.

Alan R. Humphries, Pine Bluff, Ark., for appellee.

Before FAGG, BOWMAN and WOLLMAN, Circuit Judges.

PER CURIAM.

Elizabeth Brown appeals from the magistrate judge's [1] order dismissing her 42

---

1. The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

U.S.C. § 1983 complaint against the prison's warden and director of health services. We affirm.

## I.

Brown is an inmate at the Women's Unit of the Arkansas Department of Corrections. She suffers from systemic lupus erythematosus, or lupus, an incurable disease of the body's connective tissue. She was diagnosed with the disease eight years before her incarceration and experiences periods of both active symptoms and remission.

Early in her incarceration, Brown began having difficulties related to her disease, which can be exacerbated by stress, heat, and sunlight. She complained that her physical condition made it impossible to perform her work assignments, which created conflicts with the prison staff. She began to complain to the medical staff as well. In May of 1990, Brown refused to obey an order from prison personnel to perform a task which she believed was beyond her physical capacity; for this refusal, she was disciplined with thirty days' punitive isolation. Brown's lot did not improve while in isolation. Her symptoms, especially gastrointestinal symptoms, continued. She has been seen by six doctors (some of them from outside the prison medical system), by other prison medical personnel, and has had at least ten diagnostic procedures performed.

Because lupus is sensitive to sunlight, Brown could not go outside for her recreation periods until she obtained a sunscreen. This was provided in February of 1991. In the meantime, Brown was given the opportunity to exercise indoors, which she refused. Because of many conflicts with the prison and medical staff, Brown has received several more "disciplinaries" of 30 days' punitive isolation.

Brown has lost more than sixty pounds from persistent vomiting. She has complained to the medical staff, the prison doctors, the health director, and the warden about her medical treatment. She took her complaints through the prison grievance system. Brown then brought suit against the Warden, Wallace, and the project director for the prison's health care provider, Ron Jordison, alleging that she had improperly been assigned to punitive isolation, that she was afforded inadequate exercise opportunities while in punitive isolation, that she had difficulty receiving her mail, and that her serious medical needs were being improperly treated. The magistrate judge found the claim of medical neglect to be the most important of these claims. After initiation of this suit, Brown attempted to amend her suit to name approximately thirty-eight additional defendants, including staff from the guard units, the mail room, administration, the commissary, and the medical unit. She claimed additional wrongs, including abuse by the guards, improper handling of her mail, and neglect of her medical needs.

The magistrate judge denied Brown's motion to amend her complaint, finding that the motion did not allege enough facts to connect the newly-named defendants with the wrongs alleged in the original complaint and that it would be inefficient and confusing to add the new claims and defendants. After a trial on the original complaint, the magistrate judge dismissed Brown's complaint with prejudice, finding that neither defendant was personally liable for the wrongs alleged by Brown and that the doctrine of *respondeat superior* did not apply, and finding further that Brown had not shown that either defendant was indifferent to Brown's medical needs. Brown challenges both of these findings on appeal, as well as the ruling denying her motion to amend her complaint.

## II.

Brown contends that the magistrate judge erred in refusing to allow her to amend her complaint. We review under an abuse of discretion standard a decision whether to allow amendment of a complaint. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971). A party's right to amend its pleadings is governed by Rule 15(a), which states that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Su-

**566**

preme Court has interpreted this to mean that "absent a good reason for denial— such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment—leave to amend should be granted." *Thompson–El v. Jones*, 876 F.2d 66, 67 (8th Cir.1989) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

 We find no abuse of discretion in the magistrate judge's denial of the motion to amend the complaint. Brown attempted to add numerous new defendants, many with little connection with any of the events set out in the original complaint. The magistrate judge found that it would be inefficient and possibly confusing to add defendants and claims which had nothing to do with the original complaint. Granting the amendment would have meant that extensive additional discovery and trial preparation would be required. In upholding the magistrate judge's ruling, we reiterate his statement that Brown is not foreclosed from raising these issues in a separate action.

Turning to Brown's remaining contentions, we note that we review a court's findings of fact for clear error and its conclusions of law de novo. *Gopher Oil Co. v. Union Oil Co. of California*, 955 F.2d 519, 523 (8th Cir.1992) (citing *John Morrell & Co. v. Local Union 304A of United Food & Commercial Workers, AFL–CIO*, 913 F.2d 544, 550–51 (8th Cir. 1990), *cert. denied*, — U.S. —, 111 S.Ct. 1683, 114 L.Ed.2d 78 (1991)); *see also Taylor v. Turner*, 884 F.2d 1088, 1090 (8th Cir.1989) (court reviews claim of indifference to medical needs under clearly erroneous standard).

Brown contends that the district court erred in finding that neither Wallace nor Jordison was personally responsible for the wrongs alleged in Brown's complaint. Brown argued to the magistrate judge that Wallace's liability should be based upon her supervisory role at the prison; Brown seems to argue to this court that Jordison's liability should, similarly, be based upon his role as director of health services. The magistrate judge, however, ruled correctly that the doctrine of *respondeat superior* does not apply in civil rights cases. *See Rizzo v. Goode*, 423 U.S. 362, 370–71, 96 S.Ct. 598, 603–04, 46 L.Ed.2d 561 (1976); *Cotton v. Hutto*, 577 F.2d 453, 455 (8th Cir.1978).

Finally, Brown claims that the district court erred in finding that neither defendant was indifferent to Brown's medical condition. Having reviewed the record, we find no error in the magistrate judge's decision. Wallace investigated and responded to each of Brown's complaints. Jordison, despite having no medical training, responded to Brown's correspondence and attempted to meet with her to discuss her complaints. The actions of neither defendant show an indifference to Brown's medical condition. Rather, they show that both were interested in assuring that Brown received the care she needed. We agree with the magistrate judge that if any claim of medical indifference to Brown is to succeed, it must be brought against the individual directly responsible for her medical care.

We appreciate the efforts of appointed counsel in this case and thank her for her diligence in this appeal.

The judgment is affirmed.