# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3255

_____

Gordon M. Becker,                 *
                                      *
           Appellant,        *
                                      *   Appeal from the United States
      v.                          *   District Court for the
                                      *   District of Nebraska
University of Nebraska, at Omaha,   *
                                      *
           Appellee.         *

_____

Submitted:  April 20, 1999

Filed:   September 16, 1999

_____

Before McMILLIAN, LOKEN and MURPHY, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Gordon M. Becker (Dr. Becker), a former employee of the University of Nebraska at Omaha (UNO), appeals from an order entered in the United States District Court[1] for the District of Nebraska in favor of UNO dismissing Dr. Becker's Age Discrimination in Employment Act (ADEA) retaliation claim, 29 U.S.C. § 626 et seq. Becker v. University of Nebraska, No. 8:96CV80 (D. Neb. Aug. 11, 1998) (Becker) (memorandum and order). For reversal, Dr. Becker argues that the district court erred

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

in (1) denying his motion to amend his complaint and to add an additional party and (2) dismissing on Eleventh Amendment grounds his ADEA retaliation claim. We disagree and affirm.

## Jurisdiction

The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 (labor law claim), 1343 (ADEA and Title VII claims). This court has jurisdiction pursuant to 28 U.S.C. § 1291. Appellant filed a timely notice of appeal pursuant to Fed. R. App. P. 4(a).

## Background

Dr. Becker was a member of the faculty at UNO. In January 1992, Dr. Becker filed a discrimination charge based upon sex, age and retaliation with the state equal opportunity commission (EOC), contending that UNO wrongfully withheld an annual 1978 pay increase in violation of the ADEA and Title VII. The state EOC closed Dr. Becker's discrimination charges for lack of jurisdiction because he had not filed a timely charge.

In December 1994, Dr. Becker filed a charge alleging age and retaliation discrimination in violation of the state age discrimination law and the ADEA. Dr. Becker amended his charge in March 1995, adding an additional incident of age and retaliation discrimination. In July 1995, the state EOC issued a finding of no reasonable cause. On October 10, 1995, the United States EEOC notified Dr. Becker by letter that (1) he had a right to sue within 90 days, (2) the state EOC had closed his charge, and (3) the United States EEOC would take no further action on his behalf.

On January 10, 1996, Dr. Becker filed the present pro se complaint against UNO, alleging retaliation and harassment in violation of Title VII, labor law and the

ADEA. Dr. Becker alleged that, for many years, UNO, and in particular Kenneth Deffenbacher, the chairperson of the UNO psychology department, discriminated against him and his courses. He also alleged that UNO retaliated against him because he had filed discrimination charges against UNO in May 1994 and March 1995 and had supported another faculty member's claim of sexual harassment. The alleged discriminatory and retaliatory actions included, among other things, denying him merit raises, giving him unsatisfactory performance evaluations, denying him office supplies and services, and denying him a new university-supplied computer for use at home. In June 1998 UNO terminated Dr. Becker's appointment as a faculty member and during July 1998 forcibly ejected him from his summer school class. Subsequently, Dr. Becker filed a motion to amend his complaint and to add an additional party. The magistrate judge[2] denied the motion. See Becker, slip op. at 2-3 (Nov. 18, 1997) (order) (granting motion to amend first motion and denying first motion to amend complaint and to add party). Dr. Becker filed objections to the magistrate judge's order.

On January 22, 1998, the district court considered certain pending matters, including Dr. Becker's motion for injunctive relief, Dr. Becker's objections to the magistrate judge's order denying his motion to amend his complaint and to add a party, and UNO's motion to dismiss Dr. Becker's Title VII claim, labor law claim, and ADEA claims. UNO specifically argued that the ADEA claims were barred by the Eleventh Amendment. The district court denied Dr. Becker's claim for injunctive relief, dismissed his Title VII claim for failure to file a timely charge of discrimination with the EEOC, dismissed the labor law claim, overruled his objection to the magistrate judge's order, and denied UNO's motion to dismiss the ADEA claims based upon Eleventh Amendment immunity. See Becker, slip op. at 2-5 (Jan. 22, 1998). The district court reviewed the case law to date on the Eleventh Amendment immunity issue

---

[2]The Honorable Thomas D. Thalken, United States Magistrate Judge for the District of Nebraska.

and, in the absence of any Eighth Circuit decisions, adopted the majority position holding that Congress intended to abrogate the states' Eleventh Amendment immunity when it amended the ADEA in 1974 to apply to public employers by adding the states and their agencies to the definition of "employer" and "employees subject to the civil service laws of a State government" to the definition of "employee," see Fair Labor Standards Act Amendments of 1974, Pub. L. No. 93-259, § 28(a)(2), (4), 88 Stat. 55, 74 (amending 29 U.S.C. § 630(b)(2), (f)), and had the power to do so under § 5 of the Fourteenth Amendment. See Becker, slip op. at 2-5 (Jan. 22, 1998). Subsequently, UNO filed a motion for summary judgment on May 5, 1998. Both parties submitted briefs and indices of evidence. Dr. Becker filed a motion for a new trial. The district court construed Dr. Becker's motion for a new trial as a motion for reconsideration because there had been no trial and denied the motion. See Becker, slip op. at 6 (June 22, 1998). The district court stayed UNO's motion for summary judgment on the ADEA retaliation claim and granted Dr. Becker 20 days to present additional evidence and argument on the issues of causation and pretext. See id. at 6.

While UNO's motion for summary judgment was pending, the district court, on its own motion, reconsidered its earlier ruling denying UNO's motion to dismiss on Eleventh Amendment grounds in light of this court's decision in Humenansky v. Regents of University of Minnesota, 152 F.3d 822 (8th Cir. 1998) (filed Aug. 11, 1998) (Humenansky), petition for cert. filed, No. 98-1235 (U.S. Feb. 1, 1999). The district court noted that, in Humenansky this court held that Congress did not intend to and lacked the power to abrogate the states' Eleventh Amendment immunity under the ADEA. See Becker, slip op. at 1 (Aug. 11, 1998). For this reason, the district court vacated its earlier order insofar as it denied UNO's motion to dismiss, granted UNO's motion to dismiss and denied UNO's motion for summary judgment as moot. This appeal followed.

**Discussion**

Motion to Amend Complaint

Dr. Becker first argues that the district court erred in denying his motion to amend his complaint and to add an additional party. As noted above, the district court denied the motion to amend the complaint because the additional allegations either involved events that did not arise after the filing of the counterclaim or were repetitive of claims in the original complaint. The district court denied the motion to add an additional party because it would have prejudiced the party to be added and would have resulted in further delay. Dr. Becker argues that amending his complaint and adding an additional party would have provided a jurisdictional basis for his action by defeating UNO's Eleventh Amendment immunity defense.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Unless there is a good reason for denial, "such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted." Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992). There is no absolute right to amend. See, e.g., Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 224 (8th Cir. 1994) (Williams). However, a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994), cert. denied, 513 U.S. 1198 (1995). Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous. See id. at 1256. Whether to grant a motion for leave to amend is within the sound discretion of the court. See id. at 1255; Williams, 21 F.3d at 224; Brown v. Wallace, 957 F.2d at 565.

We hold the district court did not abuse its discretion in denying the motion to amend the complaint and to add an additional party. Here, Dr. Becker filed his complaint on January 10, 1996, and did not serve UNO until August 10, 1996. UNO answered and filed a counterclaim on February 10, 1997. On February 28, 1997, Dr. Becker replied and answered the counterclaim and filed a "counterclaim" against UNO. Dr. Becker's motion to amend was filed almost two years after the complaint was filed and sought to add numerous allegations to the complaint. The magistrate judge found that, contrary to Dr. Becker's assertions, the additional events that Dr. Becker sought to add to the complaint did not arise after the filing of his counterclaim. See Becker, slip op. at 2 (Nov. 18, 1997). The magistrate judge also found that some of the additional allegations were repetitive of the claims in his original complaint and certainly arose even before the filing of his original complaint. See id. at 2 & n.3. Moreover, in view of our decision to affirm the dismissal of Dr. Becker's ADEA retaliation claim, the amendment issue is moot.

Eleventh Amendment Immunity

"The Eleventh Amendment immunizes an unconsenting State from damage actions brought in federal court, except when Congress has abrogated that immunity for a particular federal cause of action." Hadley v. North Arkansas Community Technical College, 76 F.3d 1437, 1438 (8th Cir. 1996) (Hadley), cert. denied, 519 U.S. 1148 (1997). "While not specifically set forth in the text, the Eleventh Amendment has been interpreted 'to extend to suits by all persons against a state in federal court.' A state, however, may consent to suit in federal court." Santee Sioux Tribe v. Nebraska, 121 F.3d 427, 430 (8th Cir. 1997) (citations omitted). This court has previously held that the State of Nebraska has not consented to federal court jurisdiction. See id. at 430-31. The Eleventh Amendment encompasses not only actions where the state is actually named as a defendant, but also certain actions against state instrumentalities. See Regents of University of California v. Doe, 519 U.S. 425, 429-30 (1997). "A state agency or official may invoke the State's Eleventh Amendment immunity if immunity

will 'protect the state treasury from liability that would have had essentially the same practical consequences as a judgment against the State itself.' . . . State universities and colleges almost always enjoy Eleventh Amendment immunity." Hadley, 76 F.3d at 1438 (citations and footnote omitted). UNO is part of the University of Nebraska, and, as noted by the district court, the University of Nebraska and its institutions are considered an arm of the State of Nebraska for purposes of the Eleventh Amendment. See Becker, slip op. at 1 (Jan. 22, 1998); see also Lundberg v. University of Nebraska, No. 4:CV95-3448, 1996 WL 883606, at *8-10 (D. Neb. Nov. 25, 1996) (memorandum and order on defendants' motion to reconsider) (finding University of Nebraska is arm of the state). We are bound by the decision in Humenansky, 152 F.3d at 823-24, and therefore hold that Becker's ADEA retaliation claim is barred by the Eleventh Amendment.[3]

Accordingly, the judgment of the district court is affirmed.[4]

---

[3]Although the author does not agree with the decision in Humenansky, one panel cannot overrule the decision of another panel. The suggestion for rehearing en banc was denied by the court on November 3, 1998.

[4]Becker also argues that UNO voluntarily and unequivocally consented to waive its Eleventh Amendment immunity under 42 U.S.C. § 2000d-7(a)(1), which provides in part that "[a] State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of . . . the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance." See Litman v. George Mason University, No. 98-1742, 1999 WL 547910 (4th Cir. July 28, 1999) (holding Congress, in enacting 42 U.S.C. § 2000d-7(a)(1), permissibly conditioned state university's receipt of federal financial assistance on unambiguous waiver of Eleventh Amendment immunity); cf. Little Rock School District v. Mauney, No. 98-1721, 1999 WL 407763, at *11-12 (8th Cir. June 14, 1999) (holding, in the alternative only, that § 1403 of the Individuals with Disabilities Education Act, which is a "parallel provision" to 42 U.S.C. § 2000d-7(a)(1), is effective waiver of Eleventh Amendment immunity).
We decline to address this argument, however, because Becker failed to preserve

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

it for appellate review. Becker raised this issue before the district court in his trial brief, but the district court apparently did not rule on it. We refuse to speculate on how the district court might have ruled. Waiver under 42 U.S.C. § 2000d-7(a)(1) is not discussed in any of the orders from which Becker has appealed, and Becker has not referenced the portion of the record where the district court's ruling, if any, on the issue may be found. See Harolds Stores, Inc. v. Dillard Department Stores, Inc., 82 F.3d 1533, 1540 n.3 (10th Cir.) (noting appellant's burden to provide reviewing court with essential references to record to carry its burden of proving error), cert. denied, 519 U.S. 928 (1996). Becker should have called the district court's attention to its failure to decide the waiver issue or raised a specific objection to the district court's decision to dismiss his ADEA claim on Eleventh Amendment immunity grounds. "A party may not stand idly by, watching the proceedings and allowing the [district court] to commit error of which [the party] subsequently complains." McNeely v. United States, 353 F.2d 913, 917 (8th Cir. 1965); see Porterco, Inc. v. Igloo Products Corp., 955 F.2d 1164, 1173-74 (8th Cir. 1992).