Elaine MARION, Plaintiff,

v.

REHABWORKS, INC., Defendant.

No. 4:01 CV 545 DDN.

United States District Court,
E.D. Missouri,
Eastern Division.

Oct. 15, 2001.

**644**

Frank D. Keefe, Patrick W. Keefe, Frank D. Keefe, P.C., Ellisville, MO, for plaintiff.

Mark W. Weisman, Gallop and Johnson, Lawrence P. Kaplan, Kaplan Associates, LLC, Clayton, MO, Israel E. Kornstein, Harris and Beach, New York City, for defendant.

## MEMORANDUM AND ORDER

NOCE, United States Magistrate Judge.

This action is before the Court upon the motion of plaintiff Elaine Marion for leave to amend the complaint against defendant RehabWorks, Inc. (Doc. No. 18). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

Plaintiff Marion commenced this action against RehabWorks in the Circuit Court of St. Louis County. In her petition, captioned "Retaliatory Discharge," Marion alleges that she, a licensed occupational therapist, became employed by RehabWorks in 1999 and that in May 2000 she discovered that a fellow employee appeared to be violating federal law[1] by committing Medicaid and Medicare fraud. She alleges that on May 17, 2000, she reported this information to the RehabWorks' hotline. She alleges that on October 31, 2000, she was terminated from employment, allegedly for falsifying log sheets. Plaintiff alleges she provided patient verification that the log sheet information was correct, but that defendant did not reconsider her termination. Plaintiff originally sought reinstatement plus back pay or other compensatory damages. RehabWorks removed the action to this court under 28 U.S.C. §§ 1441(a) and (b), based upon diversity of citizenship subject matter jurisdiction under 28 U.S.C. § 1332.

Marion seeks to amend her complaint in several respects. First, under her original claim of retaliatory discharge, she no longer seeks reinstatement. Rather, she seeks double her back pay "pursuant to 31 U.S.C.

---

**1.** Marion specifically cited 15 U.S.C. § 287 (not found in U.S.C.A.; the court presumes Marion meant 18 U.S.C. § 287 which sets criminal penalties for making false claims to the government), 31 U.S.C. § 3729 (the False Claims Act), and 42 U.S.C. § 408 (penalties for violating the Social Security Act).

§ 3730," [2] interest on her back pay, compensation for lost income on her current rate of pay, punitive damages, and attorneys fees and costs. Marion also seeks to add a second count for relief, specifically under 31 U.S.C. § 3730. In this claim plaintiff alleges that during the period of May through October 2000, she investigated violations of the statutes cited in footnote 1 above and that she was terminated from employment as a result of her ongoing investigation. On Count 2 she seeks the relief she would seek under Count 1.

■■■■ Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Unless there is a good reason for denial, "such as undue delay, bad faith, or prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted." *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir.1992). There is no absolute right to amend. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir.1994). Likelihood of success on the new claim is not a consideration for denying leave to amend unless the claim is clearly frivolous. *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 944 (8th Cir.2000); *Becker v. University of Neb.*, 191 F.3d 904, 907–08 (8th Cir.1999). If the proposed new claim would not withstand a motion to dismiss, leave to amend may properly be denied. *Weimer v. Amen*, 870 F.2d 1400, 1407 (8th Cir.1989). In turn, a motion to dismiss may only be granted if, taking all facts alleged in the complaint as true, and construing the complaint liberally in the light most favorable to the plaintiff, it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief. *Carpenter Outdoor Adver. Co. v. City of Fenton*, 251

F.3d 686, 688 (8th Cir.2001). Whether to grant a motion for leave to amend is within the sound discretion of the court. *Williams*, 21 F.3d at 224; *Brown*, 957 F.2d at 565.

■■■■ RehabWorks opposes the motion to amend the complaint for three reasons. First, Marion failed to support the motion to amend with a memorandum of law as required by Local Rule 7–4.01(A). The Court agrees that Marion failed to file such a memorandum. However, RehabWorks was not prejudiced by this error, because plaintiff filed a reply brief which sets forth her arguments for entitlement to amend the complaint.

■■■■ Second, RehabWorks argues that the proposed amendment would be futile, because the complaint does not state a claim for relief under 31 U.S.C. § 3730. RehabWorks argues that Marion does not sufficiently allege that she was engaged in protected conduct, that RehabWorks was aware that she was engaged in protected conduct, or that RehabWorks discharged her because of her protected conduct, the three essential elements of a cause of action under § 3730. RehabWorks relies upon *McKenzie v. Bell-South Telecommunications, Inc.*, 219 F.3d 508, 514 (6th Cir.2000), which held that to be protected, the plaintiff's conduct must have a sufficient nexus to an action filed or to be filed under the False Claims Act. "It would not be enough to simply report the concern of mischarging to the government to one's supervisor . . . ." *Id.*

RehabWorks also argues that Marion fails to allege that she had information about, or was investigating, a situation where RehabWorks knowingly, or with reckless disregard for the truth, submitted false claims to the government. Thus, RehabWorks argues, the

**2.** Title 31 U.S.C. § 3730(h), the whistle blower provision of the False Claims Act, provides:

Any employee who is discharged . . . or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the

employee whole. Such relief shall include reinstatement with the same seniority status such employee would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees. An employee may bring an action in the appropriate district court of the United States for relief provided for in this subsection.

proposed amendment fails to state a claim under § 3730 and the motion to amend should be denied.

The court has found no Eighth Circuit case that defines protected activity under § 3730. In *Norbeck v. Basin Elec. Power Coop.*, 215 F.3d 848 (8th Cir.2000), the special projects auditor of a company wrote a letter to the company's general manager "alluding to concerns" about the billing of costs under a contract with a unit of the federal government. *Id.* at 849. Three weeks later he was discharged. Two years later he brought a Federal False Claims Act action against his employer, which included a claim under § 3730(h) that he was discharged for engaging in protected activity. The retaliatory discharge claim was allowed to go to the jury.

In *United States ex rel. Yesudian v. Howard University*, 153 F.3d 731 (D.C.Cir.1998), cited by Marion, the court held that protected conduct includes investigating matters that "reasonably could lead" to a False Claims Act case. *Id.* at 740. *See also Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 867 (4th Cir.1999) ("courts require that litigation need only be a 'distinct possibility' "), and cases cited thereat. Based upon this authority, the court concludes that Marion's proposed claim under § 3730(h) is not frivolous. The court cannot say that there is no set of facts which would entitle her to relief.

■ RehabWorks' third argument in opposition to Marion's motion to amend is that the proposed amended complaint does not contain a description of the alleged false claims Marion reported to RehabWorks, and thus the proposed amendment does not plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b). The court will not impose upon plaintiff the heightened pleading requirement of Rule 9(b) here. Plaintiff does not allege fraud as a basic claim for relief, such as in a False Claims Act qui tam claim. *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1053–54 (9th Cir.2001). And her retaliation claim does not depend upon the full maturation of a qui tam claim. *See United States ex rel. Yesudian*, 153 F.3d at 739 ("And the

protected conduct element of such a claim does not require the plaintiff to have developed a winning qui tam action before he is retaliated against"), 740 (§ 3730(h) protects employees "while they are collecting information about a possible fraud, before they have put all the pieces together"). Indeed plaintiff alleges only that in May 2000 she "discovered a fellow employee participating in activities which appeared to be" in violation of the cited statutes. *See* proposed amended complaint at para. 4.

Under the liberal standard for granting leave to amend a complaint, the court concludes that leave should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of plaintiff for leave to amend the complaint (Doc. No. 18) is sustained.