Jody M. BARTLESON, individually and on behalf of all other similarly situated employees, Plaintiff,

v.

WINNEBAGO INDUSTRIES, INC., Defendant.

No. C 02–3008–MWB.

United States District Court, N.D. Iowa, Central Division.

Dec. 24, 2003.

Mark D. Sherinian, Pamela Jean Walker, Sherinian & Walker, PC, West Des Moines, IA, for Plaintiffs.

Bruce C. Jensen, Forest City, IA, pro se.

Gene R. La Suer, Davis, Brown, Koehn, Shors & Roberts, Des Moines, IA, for Defendant.

**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**

BENNETT, Chief Judge.

### TABLE OF CONTENTS

*I. INTRODUCTION* ................................................... 631

*II. LEGAL ANALYSIS* ............................................... 632
    A.   *The Objections To The Order Granting Leave To Amend* .................. 632
        1.   *Standard Of Review* ............................................ 633
        2.   *Arguments of the parties* ........................................ 633
        3.   *Analysis* ..................................................... 633
            a.   *"Futility" of the proffered amendment* ........................... 633
            b.   *Supplemental jurisdiction over the proffered class claim* .......... 634
                i.   *Supplemental jurisdiction and exceptions* ................... 634
                ii.   *The Fielder decision* ..................................... 635
                iii.   *Application of Fielder* .................................... 636
    B.   *The Motion For Certification Of The IWPCL Class* ...................... 638

*III. CONCLUSION* .................................................. 639

This is a class action for overtime pay pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the Iowa Wage Payment Collection Law (IWPCL), Iowa Code Ch. 91A. This matter comes before the court pursuant to the plaintiff's September 5, 2003, Motion For Class Certification (docket no. 38), which seeks certification of a class on the IWPCL claim pursuant to Rule 23 of the Federal Rules of Civil Procedure, and pursuant to the defendant's November 7, 2003, Objections To Magistrate Judge's Order (docket no. 50), which challenges the October 24, 2003, order by Magistrate Judge Paul A. Zoss (docket no. 48) in which Judge Zoss granted the plaintiff's motion to amend her Complaint to assert the IWPCL class action claim.

### I. INTRODUCTION

Before addressing the pending motions, a brief statement of the factual and procedural background to the present lawsuit is appropriate. Ms. Bartleson filed her original Complaint in this action on January 28, 2002, seeking redress of violations of the FLSA and the Equal Pay Act (EPA), 29 U.S.C. § 206. Bartleson's FLSA claim, on behalf of herself and all others similarly situated, is premised on her contention that Winnebago has failed to pay the class members overtime pay by wrongfully classifying them as "exempt" administrative or executive employees under 29 U.S.C. § 213. Bartleson's EPA claim is an individual claim alleging disparate pay based on sex. Winnebago answered the original Complaint on March 14, 2002. On July 29, 2002, Bartleson sought leave of the court to notify potential class members of the FLSA class action, and on September 24, 2002, the court entered an order approving the parties' stipulated notice to potential class members. Although the parties had identified more than five hundred potential class members, only twenty additional plaintiffs "opted into" the FLSA class action from December 2002 through April 2003.[1]

Bartleson filed her first Amended Complaint on November 18, 2002, adding an individual claim of sex discrimination in violation of Title VII of the Civil Rights Act of 1964,

---

1. *See, e.g., Schmidt v. Fuller Brush Co.*, 527 F.2d 532 (8th Cir.1975) (recognizing that the FLSA provides for "opt in" class actions, pursuant to 29 U.S.C. § 216(b), while Rule 23 of the Federal Rules of Civil Procedure provides for "opt out" class actions, and holding that Rule 23 cannot be invoked to circumvent the consent requirement for an FLSA "opt in" class).

as amended, 42 U.S.C. § 2000e. On November 26, 2002, upon Winnebago's unresisted motion, the court severed Bartleson's individual claims, including her EPA and Title VII claims, and this action proceeded only on the FLSA class action claim. Winnebago answered the Amended Complaint on December 20, 2002.

On September 5, 2003, Bartleson again moved to amend her Complaint to add a class action claim for overtime wages pursuant to the Iowa Wage Payment Collection Law (IWPCL), IOWA CODE CH. 91A (docket no. 37). The proffered IWPCL claim again seeks recovery of overtime wages allegedly owed to the class members under the FLSA, but pursuant to the procedures and remedies in the IWPCL. Also on September 5, 2003, Bartleson filed her Motion For Class Certification (docket no. 38), seeking certification of a Rule 23 class on her IWPCL claim. Bartleson's original motion to amend was denied without prejudice on September 5, 2003, for failure to comply with local rules, so Bartleson filed a renewed motion to amend on September 11, 2003 (docket no. 41). Although Winnebago resisted the motion on September 22, 2003 (docket no. 42), Magistrate Judge Paul A. Zoss granted the renewed motion to amend by order dated October 24, 2003 (docket no. 48) (also available at *Bartleson v. Winnebago Indus., Inc.*, 2003 WL 22427817 (N.D.Iowa Oct.24, 2003) (slip op.)). Bartleson's motion for certification of the IWPCL class, however, remained pending.

On November 7, 2003, Winnebago filed its Objections To Magistrate Judge's Order (docket no. 50), which challenges Judge Zoss's October 24, 2003, ruling. Bartleson sent the court a courtesy copy of a response to the defendant's objections on December 11, 2003, and a copy of that response was subsequently filed with the Clerk of Court on December 15, 2003 (docket no. 56). On December 19, 2003, Bartleson sent the court a courtesy copy of a Substituted And Amended Response To Defendant's Memorandum Of Its Objection To Magistrate Judge's Order, which was filed on December 22, 2003 (docket no. 58). The court heard oral arguments on Winnebago's objections to Judge Zoss's order and Bartleson's motion for certification of the IWPCL class on December 19, 2003.[2] Both matters are now ripe for disposition.

## II. LEGAL ANALYSIS

The issues of whether or not to certify a class on the IWPCL claim and whether or not to allow amendment of Bartleson's Complaint to assert the IWPCL claim at all are intertwined. Logically, however, the court must first decide whether or not Judge Zoss properly granted Bartleson's motion for leave to amend her Complaint to assert the IWPCL claim. Only if the court affirms the order granting leave to assert the IWPCL claim will it be necessary for the court to address Bartleson's motion for certification of a class on that claim. Moreover, even if the motion to amend is granted, the extent to which the court can entertain the IWPCL claim may dictate whether class certification is proper on that claim.

### A. The Objections To The Order Granting Leave To Amend

#### 1. Standard Of Review

■ The standard of review applicable to Judge Zoss's ruling in this case is set forth in Rule 72(a) of the Federal Rules of Civil Procedure. Rule 72(a) provides, in pertinent part, that where a party files timely objections to a magistrate judge's ruling on a pretrial, non-dispositive matter, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). Thus, in order to determine whether a magistrate judge's ruling permitting an amendment to a complaint is "contrary to law," the court must consider the standards for amendments set forth in Rule 15 of the Federal Rules of Civil Procedure.

---

2. At the oral arguments, plaintiff Jody M. Bartleson was represented by Pamela J. Walker of the Sherinian & Walker Law Firm in West Des Moines, Iowa. Defendant Winnebago Industries, Inc., was represented by Gene R. La Suer and Deborah M. Tharnish of Davis, Brown, Koen, Shors & Roberts, P.C., in Des Moines, Iowa.

Rule 15 provides that, in the circumstances presented in this case, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Although "there is ... no absolute right to amend a pleading, [l]eave should be denied [only] where there are compelling reasons 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Hammer v. City of Osage Beach, MO,* 318 F.3d 832, 844 (8th Cir.2003) (quoting *Becker v. University of Nebraska,* 191 F.3d 904, 907–08 (8th Cir. 1999), in turn quoting *Brown v. Wallace,* 957 F.2d 564, 566 (8th Cir.1992)); *see also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Thus, "a motion to amend should be denied on the merits 'only if it asserts clearly frivolous claims or defenses.'" *Becker,* 191 F.3d at 907–08 (quoting *Gamma–10 Plastics, Inc. v. American President Lines, Ltd.,* 32 F.3d 1244, 1255 (8th Cir.1994), *cert. denied,* 513 U.S. 1198, 115 S.Ct. 1270, 131 L.Ed.2d 148 (1995)). "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous." *Id.* at 908.

### 2. *Arguments of the parties*

Winnebago objects to Judge Zoss's ruling permitting the amendment to assert the IWPCL class action claim on the ground that the ruling is contrary to law in two respects. First, Winnebago contends that Judge Zoss's ruling that the IWPCL claim is proper on its face and not futile is contrary to law, because the IWPCL does not provide the plaintiffs with any different, separate, or additional rights of recovery. Consequently, Winnebago asserts, the sole purpose of the amendment is to circumvent the FLSA's "opt in" class provisions, contrary to the intention of Congress, by asserting a Rule 23 "opt out" class claim pursuant to state law, when the FLSA "opt in" class in this case turned out to be smaller than expected. Second, Winnebago contends that Judge Zoss's ruling is contrary to law, because the exercise of sup-

plemental jurisdiction is inappropriate, where the state-law claim would substantially predominate over the federal claim, owing to the relative size of the respective classes, and where compelling reasons exist for declining jurisdiction, including circumvention of the FLSA "opt in" provisions. Finally, Winnebago contends that, if the amendment is allowed, the IWPCL claim should only be allowed for the individuals who have "opted into" the case to pursue the FLSA claim.

Bartleson responds that Judge Zoss was correct to permit the amendment to assert the IWPCL claim, because many courts have held that joinder of state claims with FLSA claims is appropriate. Bartleson also contends that the issue of amendment is separate and distinct from the issue of whether or not it would be proper to certify an "opt in" class on the IWPCL claim, so that whether the "opt out" class on the IWPCL claim would exceed the size of the "opt in" class on the FLSA claim is not a proper consideration. Next, Bartleson contends that Judge Zoss's decision to exercise supplemental jurisdiction over the IWPCL claim was correct. She contends that the possibility that the IWPCL class would be larger than the FLSA class does not mean that the state-law claim would improperly "dominate" the action, because it is more appropriate to provide "global relief" with a larger class. She also contends that there is no real question of the state-law claim "dominating" the action, because the state and federal claims necessarily stand or fall together, where both are ultimately premised on the question of applicability of overtime exemptions under the FLSA to the class members. If the claims are tried in separate actions, or even separate state and federal courts, Bartleson argues that one action may have preclusive effect on the other, and if there is no preclusive effect, conflicting findings and judgments would be likely.

### 3. *Analysis*

#### a. *"Futility" of the proffered amendment*

Contrary to Winnebago's contentions, the court agrees with Judge Zoss's conclu-

sion that the IWPCL claim is proper on its face and not futile. It is true that the IWPCL claim affords the potential class members no additional relief beyond what could be obtained on the FLSA claim and, indeed, that violation of the FLSA is precisely the basis for the wages purportedly owed under the IWPCL in this case. *See, e.g., Anthony v. Iowa,* 632 N.W.2d 897, 901–02 (Iowa 2001) (recognizing that FLSA overtime pay provisions can establish the basis for "compensation" owed by an employer within the meaning of the IWPCL); *Phipps v. IASD Health Servs. Corp.,* 558 N.W.2d 198, 201 (Iowa 1997) ("The purpose of the Iowa Wage Payment Collection Law is to facilitate the collection of wages owed to employees. [Under the law,] [a]n employer must pay all wages due its employees.... If an employer fails to pay an employee wages, the employer is subject to liability for unpaid wages or expenses, court costs, and attorney fees. If the employer's conduct is intentional, liquidated damages are also recoverable.") (internal citations omitted); *see also Hornby v. State,* 559 N.W.2d 23, 26 (Iowa Ct.App.1997) ("[C]hapter 91A is a remedial statute. The chapter is meant to facilitate the public policy of allowing employees to collect wages owed to them by their employers."). Thus, the IWPCL claim is essentially "duplicative" of the FLSA claim in this action.

However, the court does not agree with Winnebago that a claim that is duplicative or that merely states an alternative theory of recovery on the same nucleus of facts is "futile" or "frivolous," such that leave to amend to assert such a claim should be denied. *See Hammer,* 318 F.3d at 844 (leave to amend can be denied if the claim is "futile"); *Becker,* 191 F.3d at 907–08 (leave to amend can be denied if the claim is "frivolous"). Indeed, in the seminal case on the standards for amendment, *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court expressly rejected such a contention: In *Foman,* the Supreme Court held that the lower courts had erred in denying leave to amend, precisely because "the amendment would have done no more than state an alternative theory for recovery." *Foman,* 371 U.S. at 182, 83 S.Ct. 227. Therefore, Judge Zoss's ruling permitting

the proffered amendment was not "contrary to law," *see* FED. R. CIV. P. 72(a), to the extent that the ruling held that the IWPCL claim was proper on its face and not futile. Indeed, Judge Zoss cited numerous cases permitting simultaneous assertion of FLSA wage claims and state-law wage claims, even where the state laws, like the IWPCL, do no more than provide a procedure to recover, or a remedy for failure to pay, wages otherwise due.

### b. Supplemental jurisdiction over the proffered class claim

The court's conclusion is different with regard to the question of supplemental jurisdiction over the proffered state-law claim. The court concludes that Judge Zoss's ruling does not properly consider the scope of this court's supplemental jurisdiction over the IWPCL claim pursuant to 28 U.S.C. § 1367; indeed, the court concludes that supplemental jurisdiction is the determinative issue here. However, the court does not agree with Winnebago's conclusion that the court must overrule Judge Zoss and deny the motion for leave to amend to assert the IWPCL claim in its entirety on supplemental jurisdiction grounds.

### i. Supplemental jurisdiction and exceptions.
Section 1367(a) provides that, with certain exceptions stated in subsections (b) and (c) of § 1367 or other federal statutes, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). The exceptions in subsection (b) of § 1367 are not applicable here, because this court's original jurisdiction over the FLSA claim is premised on federal question jurisdiction pursuant to 28 U.S.C. § 1331, not diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1367(b). Thus, the exceptions applicable here, if any, must be found in § 1367(c).

In his ruling, Judge Zoss noted that Winnebago relied on two of the circumstances expressly stated in § 1367(c) as grounds for declining to exercise supplemental jurisdiction: " '(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction' " and " '(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.' " *See* Order, Docket No. 48, at 8–9 (quoting 28 U.S.C. § 1367(c)). Winnebago reasserts these exceptions in its objections to Judge Zoss's ruling. In both its original opposition to the motion for leave to amend and its present objections, Winnebago argues that the court should reject the discussions of the supplemental jurisdiction issues in *Goldman v. RadioShack Corp.*, 2003 WL 21250571 (E.D.Pa. April 16, 2003) (slip op.), and should instead embrace the reasoning in *Zelaya v. J.M. Macias, Inc.*, 175 F.R.D. 625 (E.D.N.C.1997), and *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir.2003). However, this court finds that there is controlling authority from our own Circuit Court of Appeals on the scope of § 1367 supplemental jurisdiction in this case, the decision in *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031 (8th Cir.1999). Although both Winnebago and Judge Zoss addressed the ruling in *Fielder,* and concluded that it was not dispositive of questions presented here, this court's view of the impact of *Fielder* is significantly different.

***ii. The Fielder decision.*** In his ruling, Judge Zoss considered the *Fielder* decision in a footnote, rejecting its application to the present case, as follows:

> The defendant recognizes there is "no case on point in the Eighth Circuit," but asserts the decision in *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031 (8th Cir.1999), "provides some guidance when confronting a state law claim and a federal law claim in the same case." (Doc. No. 46, p. 7) The defendant claims, "In *Fielder* [,] the Eighth Circuit reversed a district court's certification of two distinct classes because the second class had only state law claims. 188 F.3d at 1038." (*Id.*) The defendant misstates the holding in *Fielder,* where the court was considering whether it "should exercise supplemental jurisdiction *after* all federal claims [were] resolved." 188 F.3d at 1037 (emphasis in original). The court noted the remaining state law claims raised "novel, complex, and important issues of state law" that were "precisely the types of issues as to which federal courts should hesitate to exercise § 1367 supplemental jurisdiction." 188 F.3d at 1038 (citations omitted). *Fielder* is not instructive in the court's consideration of the plaintiff's motion to amend in the present case.

Order, Docket No. 48 at 5 n. 1. It is not altogether clear to this court whether Judge Zoss believed that the federal claims in *Fielder* had *already* been resolved, and consequently rejected application of that decision in the present circumstances, where the federal claims remain pending, or whether he instead rejected application of *Fielder* because the state-law claims involved "novel, complex, and important issues of state law," but the present litigation involves state-law claims that precisely mirror the federal claims. However, whatever the precise basis for Judge Zoss's determination that *Fielder* was not instructive, this court takes a different view, and concludes that the *Fielder* decision is not only instructive, but controlling.

The impact of *Fielder* on the present litigation cannot be fully appreciated without an understanding of the procedural footing and pertinent holding in that case. In *Fielder,* the plaintiffs asserted two class claims: One class claim was an "official fee overcharge claim," which included an alleged violation of the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and, thus, provided the basis for federal question jurisdiction and removal of the action to federal court; the other class claim was an "interest overcharge claim," which was premised on state law. *Fielder,* 188 F.3d at 1033. The district court certified two classes, an "official fee overcharge class," and an "interest overcharge class." *Id.* The Eighth Circuit Court of Appeals concluded, in pertinent part, that there was "no federal question jurisdiction over the interest overcharge class's claims," but that "the entire case should not be remanded because of the pending Truth in Lending claims." *Id.* Thus, the federal claims in *Fielder* had not been resolved, but were still pending. *See id.; see*

*also id.* at 1037 ("[T]he Truth in Lending claims have not been finally resolved."). The present case stands on the same procedural footing, at least to the extent that the federal FLSA claim has not been resolved, and the plaintiff now asserts a class action claim premised on state law.

■ The next portion of the *Fielder* decision that is pertinent here is the appellate court's examination of the impact of supplemental jurisdiction over the state-law class claim on the case:

> The jurisdiction plot thickens when we recall the federal question underpinnings of the entire lawsuit. The only federal claim in the case is the Truth in Lending claim asserted by some of the official fee overcharge class. After removal, plaintiffs filed three amended complaints adding more named plaintiffs, more state law claims, and an express prayer by the interest overcharge class for relief from the state court deficiency judgments. But the interest overcharge class has asserted no federal question claims. This class may remain in federal court only if the district court has supplemental jurisdiction over its claims. The district court has supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). *The claims of the individual members of a permissive class are distinct cases and controversies; each must separately support federal jurisdiction. See Snider v. Stimson Lumber Co.,* 914 F.Supp. 388, 390–91 (E.D.Cal. 1996). *Thus, only interest overcharge class members who have also asserted a Truth in Lending claim are properly in federal court.*

*Fielder,* 188 F.3d at 1036–37 (emphasis added). Thus, *Fielder* held, in pertinent part, that, where federal jurisdiction is premised on a federal class claim, supplemental jurisdiction over a companion state-law class claim extends only to those members of the state-law class who *also* have the federal class claim.

Next, in *Fielder,* the court considered whether it could remand the entire case to state court, and noted that doing so would "clearly be an option," if the plaintiffs with Truth in Lending claims had dismissed those claims, because then the federal court could decline to exercise supplemental jurisdiction and remand the remaining state-law claims to the state court from which they were removed. *Id.* at 1037. However, the court also noted that, while the Truth in Lending claims remained unresolved, the case had been properly removed, and prior precedent suggested that the district court was, consequently, without discretion to remand the case in its entirety. *Id.* (citing *Williams v. Ragnone,* 147 F.3d 700, 703 (8th Cir.1998)). On the other hand, the court noted that the prior case had not considered 28 U.S.C. § 1441(c), which permits remand of removed matters in which state law predominates, and thus, may permit remand of the entire action including unresolved federal claims. *Id.* It was only in the context of looking for guidance on whether or not to remand pursuant to § 1441(c) that the court considered the factors under § 1367(c) for declining supplemental jurisdiction *after* all federal claims are resolved. *Id.* In its resolution of the jurisdictional dilemma in *Fielder,* however, the Eighth Circuit Court of Appeals reiterated that "[t]he district court lacks supplemental jurisdiction over any member of the interest overcharge class who does not have a Truth in Lending claim, because the court has no original jurisdiction over that plaintiff's case or controversy. § 1367(a)." *Id.* at 1038.

***iii. Application of Fielder.*** This case differs from *Fielder* to the extent that the action was not removed from state court, but was instead originally filed in federal court. However, that difference only confirms that "remand" to state court is not an option in this case, and the question here is whether the state-law claim can be entertained in this action *at all* pursuant to the court's § 1367 supplemental jurisdiction.

Moreover, the court finds that the similarities between this case and *Fielder* are of much greater importance than any differences. As in *Fielder,* this case involves a federal class action claim upon which federal

question jurisdiction is premised—the FLSA claim here, which is analogous to the Truth in Lending claim asserted by some members of the "official fee overcharge class" in *Fielder*. *See Fielder*, 188 F.3d at 1033. Also as in *Fielder*, this case involves a state-law class action claim, which can be in federal court only on the basis of supplemental jurisdiction—the IWPCL claim here, which is analogous to the state-law claims of the "interest overcharge class" in *Fielder*. *See id.* at 1033. As *Fielder* makes clear, "[t]he claims of the individual members of a permissive class are distinct cases and controversies; each. must separately support federal jurisdiction. Thus, only [state claim] class members who have also asserted a [federal] claim are properly in federal court." *Fielder*, 188 F.3d at 1036–37 (citations omitted). Here, that limitation on supplemental jurisdiction means that *only IWPCL class members who have also asserted a FLSA claim in this action are properly in federal court;* supplemental jurisdiction cannot extend to IWPCL class members who have no FLSA claim. *Id.* Therefore, under *Fielder*, leave to amend to assert an IWPCL class claim can be granted only to the twenty-one plaintiffs already asserting FLSA claims, because the court's supplemental jurisdiction extends no further.[3] However, the IWPCL class claim is not barred in its entirety by the limitations of supplemental jurisdiction, and Judge Zoss

properly rejected Winnebago's argument that supplemental jurisdiction stood as a bar to Bartleson's attempt to add the IWPCL claim.

■ This conclusion, the court finds, also dictates the resolution of the question in the present case of whether the court should decline to exercise supplemental jurisdiction pursuant to § 1367(c) as to the IWPCL claims of the plaintiffs who can otherwise properly assert those claims in this action. Where the class members are identical, and the factual basis for each class member's IWPCL claim is the same as the factual basis for his or her FLSA claim, it follows that the state-law claim does not so "predominate" over the FLSA claim that the court should decline to exercise supplemental jurisdiction pursuant to § 1367(c)(2). Similarly, where the class members and the factual bases for their state and federal claims are the same, there is no possibility that the "opt out" class pursuant to Rule 23 for the state-law claim will circumvent the "opt in" limitation of the FLSA on the federal claim—if, indeed, there is any reason to pursue the IWPCL claim as a "class" in light of the relatively small number of persons who can assert such a claim in this action. Thus, there are no "compelling reasons for declining jurisdiction" pursuant to § 1367(c)(4).[4]

3. At oral arguments, Winnebago suggested that a "Tyson case from Washington" explained why *Fielder* is inapplicable in this situation. From its post-argument research, the court concludes that the "Tyson case" in question is probably *Chavez v. IBP, Inc.*, 2002 WL 31662302 (E.D.Wash. 2002). In *Chavez*, the district court characterized *Fielder* as a case in which "the Eighth Circuit reversed a district court's certification of two distinct classes because the second had only state law claims." *Chavez*, 2002 WL 31662302 at *1. This characterization of *Fielder* matches Winnebago's own characterization of *Fielder* before Judge Zoss. However, as explained above, that characterization does not even remotely match what the Eighth Circuit Court of Appeals held in *Fielder*, not least because the Eighth Circuit Court of Appeals never rejected certification of the two classes. The decision in *Chavez* continued with its analysis of *Fielder* by explaining that, "[w]ere that the case here [*i.e.*, were it the case that the second class had only state law claims], *Fielder* would apply, and this Court would lack the power to exercise supplemental jurisdiction over state law issues." *Id.* However,

the court in *Chavez* concluded that *Fielder* did not apply, because there were not two wholly distinct classes, but two classes in which all of the members of one class were also members of the other. *Id.* This court acknowledges that it is likely that *Fielder's* limitation on supplemental jurisdiction over class claims would not apply if *all* of the members of a class with a state-law claim *were also* members of a class with a federal claim—indeed, in *Fielder*, that was the limitation on supplemental jurisdiction found by the court. However, that is not the situation that obtains in this case: Here, only twenty-one plaintiffs have "opted into" the FLSA class, but perhaps as many as 500 plaintiffs have a state-law claim, but cannot now assert a FLSA claim. Consequently, the potential state-law class can overlap the federal class *only to the extent of those twenty-one plaintiffs who opted into the federal claim class.* *Fielder* addresses the circumstance presented here and dictates the result in this case.

4. The court also finds that *Fielder* is instructive on the "judicial economy" arguments raised by Bartleson in this case. Bartleson contends that

■ In short, the court concludes that Judge Zoss's ruling permitting amendment to assert the IWPCL claim was "contrary to law," *see* FED. R. CIV. P. 72(a) (standard of review), *only* in so far as it allowed the amendment for plaintiffs not already asserting FLSA claims in this action. The amendment to include the IWPCL claims of any other plaintiffs would, indeed, be "futile" or "frivolous," owing to the court's lack of supplemental jurisdiction over such claims. *See Fielder*, 188 F.3d at 1037–38; *see also Hammer*, 318 F.3d at 844 (leave to amend can be denied if the claim is "futile"); *Becker*, 191 F.3d at 907–08 (leave to amend can be denied if the claim is "frivolous"). Judge Zoss's ruling will be modified accordingly. *See* FED. R. CIV. P. 72(a) ("The district judge to whom the case is assigned shall ... modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.").

### B. The Motion For Certification Of The IWPCL Class

■ Also before the court is the plaintiff's September 5, 2003, Motion For Class Certification (docket no. 38), which seeks certification pursuant to Rule 23 of the Federal Rules of Civil Procedure of a class on the IWPCL claim. However, the court's conclusion that it has supplemental jurisdiction only over the claims of IWPCL class members who have already asserted an FLSA claim essentially dictates the conclusion on the motion for certification of the IWPCL class.

The parties agree that the prerequisites to a class action under Rule 23(a) are the following: (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequate representation). FED. R. CIV. P. 23(a); *Owner-Operator Indep. Drivers Ass'n, Inc. v. New Prime, Inc.*, 339 F.3d 1001, 1011 (8th Cir. 2003); *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (identifying the prerequisites in shorthand terms as "numerosity," "commonality of legal or factual questions," "fair and adequate representation," and "typicality"); *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1174–75 (8th Cir.1995) (same); *Sanft v. Winnebago Indus., Inc.*, 214 F.R.D. 514, 518 (N.D.Iowa 2003). The court must engage in a "rigorous analysis" to determine whether all of the prerequisites of Rule 23(a) are satisfied. *General Tel. Co. v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). A district court's denial of class certification is reviewed for abuse of discretion. *New Prime, Inc.*, 339 F.3d at 1011; *Glover v. Standard Fed. Bank*, 283 F.3d 953, 959 (8th Cir.2002).

to require two separate lawsuits, one in federal court and one in state court on essentially the same question of right to overtime pay under the FLSA is both inefficient and could lead to inconsistent rulings. This court, however, cannot find that such "judicial economy" arguments "trump" the limitations on its supplemental jurisdiction as laid out in *Fielder*. However, *Fielder* suggests that a way out of a similar "jurisdictional dilemma" was to sever the claims of the two classes, even though some members were overlapping, and to remand the state-law claim to state court on the basis of a lack of federal jurisdiction over the state-law claim. *Fielder*, 188 F.3d at 1039. Again, remand is not an option here, because the action was not removed to federal court, but originated here. Although state and federal courts share concurrent jurisdiction over FLSA suits, *see* 28 U.S.C. § 216(b) (an FLSA suit "may be maintained in any Federal or State court of competent jurisdiction"), and Bartleson could have brought her entire action, involving both FLSA and IWPCL class claims in state court, she chose to bring her federal claim in federal court. Thus, Bartleson's choices now, in light of the limitations on the court's supplemental jurisdiction defined in *Fielder*, would seem to be (1) to pursue both her federal and state-law claims in this court, with the limitation on the persons who can assert the state-law claim in this court, as described above; (2) to pursue her state-law claim in state court, and her federal claim here; or (3) to dismiss this action in its entirety and refile it in state court, where Bartleson could presumably pursue both her FLSA and IWPCL class action claims, but would doubtless be forced to litigate the issue of whether the "opt in" on the FLSA claim in this court has preclusive effect on who can "opt into" a class asserting an FLSA claim in state court, as well as other issues. A fourth option, of course, but one out of Bartleson's hands, would be for some other representative to pursue in state court a class action pursuant to the IWPCL premised on overtime pay rights under the FLSA.

It is the "numerosity" prerequisite that is fatal here. In *Sanft,* this court explained the "numerosity" requirement as follows:

> To meet this requirement, the court must conclude that a class is sufficiently large so as to render joinder of all its members impracticable in light of the particular circumstances of the case. *Arkansas Educ. Ass'n v. Board of Educ. of Portland, Arkansas School Dist.,* 446 F.2d 763, 765 (8th Cir.1971); *accord Robidoux v. Celani,* 987 F.2d 931, 935 (2d Cir.1993). Satisfaction of the numerosity requirement does not require that joinder is impossible, but only that plaintiff will suffer a strong litigational hardship or inconvenience if joinder is required. *Arkansas Educ. Ass'n,* 446 F.2d at 765; *accord Familienstiftung v. Askin,* 178 F.R.D. 405, 409 (S.D.N.Y.1998) (noting that "[i]mpracticability does not mean impossibility, but rather difficulty or inconvenience."); *In re NASDAQ Market–Makers Antitrust Litig.,* 169 F.R.D. 493, 508 (S.D.N.Y.1996) (observing that "[i]mpracticability means difficulty or inconvenience of joinder; the rule does not require impossibility of joinder.").

*Sanft,* 214 F.R.D. at 520. Here, joinder is not only practicable, but has in essence already been accomplished, as only the twenty-one members of the FLSA "opt-in" class could possibly be members of the Rule 23 class on the IWPCL claim, in light of the limitations on the court's supplemental jurisdiction. Therefore, class certification on the IWPCL claim will be denied.

### III. CONCLUSION

Upon the foregoing, the defendant's November 7, 2003, Objections To Magistrate Judge's Order (docket no. 50) are **overruled**, with the exception that Magistrate Judge Paul A. Zoss's Order of October 24, 2003 (docket no. 48), granting the plaintiff's renewed motion to amend the Complaint is **modified** to state that the amendment to assert a claim for overtime pay pursuant to the Iowa Wage Payment Collection Law (IWPCL), IOWA CODE CH. 91A, is granted only as to plaintiffs in this action already asserting a claim for overtime pay pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.,* because the court's sup-

plemental jurisdiction pursuant to 28 U.S.C. § 1367 over the IWPCL claim extends no further.

The plaintiff's September 5, 2003, Motion For Class Certification (docket no. 38) is **denied,** because, owing to the strictures of supplemental jurisdiction over the persons who can assert the IWPCL claim, the proposed IWPCL class does not satisfy the "numerosity" requirement of Rule 23(a) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**