# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4186

_____

Neil T. Gray,                                    *
                                                 *
              Appellant,                         *
                                                 *    Appeal from the United States
       v.                                        *    District Court for the
                                                 *    District of South Dakota.
Doug Weber, Warden, in his                       *
official and individual capacities;              *         [UNPUBLISHED]
Medical Staff at Jameson Annex,                  *
in their official and individual                 *
capacities,                                      *
                                                 *
              Appellees.                         *

_____

Submitted: July 24, 2007
Filed: July 30, 2007

_____

Before GRUENDER, HANSEN, and SHEPHERD, Circuit Judges

_____

PER CURIAM.

       South Dakota inmate Neil T. Gray appeals the district court's[1] pre-service dismissal, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, of his 42 U.S.C. § 1983 lawsuit seeking damages against Warden Douglas Weber and prison "Medical Staff." We grant Gray leave to proceed in forma pauperis on appeal, and following de novo

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

review, see Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (standard of review under § 1915(e)(2)(B)); Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (standard of review under § 1915A), we affirm.

According to his complaint, Gray was injured when he slipped on wet concrete while being handcuffed by a corrections officer, and although the officer was made aware of Gray's injuries, he returned Gray to his cell and failed to alert medical staff. Later that day, when unspecified medical staff were making their rounds on Gray's floor, he told them of his injuries to his back and neck, but he was told there was nothing the staff could do. Due to the lack of medical assistance, his injuries worsened resulting in a pinched nerve and the loss of feeling in his right foot.

We respectfully disagree with the district court that the instant complaint merely alleged negligence: it alleges that a corrections officer and medical staff with knowledge of Gray's injuries specifically refused to help him. Nevertheless, the complaint was properly dismissed because as the district court noted, Gray named only the warden, who was not alleged to have any personal involvement in or direct responsibility for these events. See Hughes v. Stottlemyre, 454 F.3d 791, 798 (8th Cir. 2006); White v. Farrier, 849 F.2d 322, 327 (8th Cir. 1988). Further, it is impossible to discern from Gray's complaint which medical-staff employee or employees were responsible for denying him care, because he identifies them only collectively as "medical staff." See Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992) (per curiam) (medical indifference claim must be brought against individual directly responsible for inmate's care); cf. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985) (permitting § 1983 action to proceed against "John Doe" police-officer defendants when complaint was specific enough to permit identification of unknown parties through reasonable discovery).[2] Finally, we conclude that the district court did

---

[2]Because Gray's complaint was dismissed without prejudice, he is not precluded from refiling it against the individual parties who are directly responsible for the complained-of events.

not abuse its discretion in refusing to appoint counsel.  See Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (standard of review and factors).

Accordingly, we affirm the judgment of the district court.

_____