Leroy and Shirley **YOUNG,** Plaintiffs,

v.

**1ST AMERICAN FINANCIAL SERVICES, et al.,** Defendants.

**Civil Action No. 97–0165 (JR).**

United States District Court, District of Columbia.

Sept. 8, 1997.

final judgment of foreclosure, the invitation will be declined.

Peter L. Winik, Curtis P. Lu, Vivian C. Strache, Latham & Watkins, Washington, DC, Stacy J. Canan, Legal Counsel for the Elderly, Washington, DC, for Leroy and Shirley Young.

Stephen N. Goldberg, Trustee, Edward S. Cohn, Trustee, Cohn & Goldberg, L.L.C., Baltimore, MD, for Defendants.

Ronald S. Deutsch, Ronald S. Deutsch & Associates, P.A., Silver Spring, MD, for 1st American Financial Services, Inc.

David C. Tobin, Tobin & O'Connor, Washington, DC, L. Darren Goldberg, David W. Draper, Jr., Drapper & Goldberg, P.L.L.C., Leesburg, VA, for Option One Mortgage Corporation.

### MEMORANDUM ORDER

ROBERTSON, District Judge.

This action brings claims of abusive mortgage lending practices under the federal Truth in Lending Act ("TILA"), common law tort doctrine and the D.C.Code. Defendants 1st American Financial Services and Option One Mortgage Corp. have moved to dismiss some of the counts of the complaint. The motions will be granted in part and denied in part for the reasons set forth below.

### Background

Plaintiffs Leroy and Shirley Young bought a home in the District of Columbia in 1978. In 1995, the Youngs began to fall behind on

their mortgage and eventually filed a petition for bankruptcy. Defendant 1st American then contacted plaintiffs and offered to refinance their home. The Youngs allege that 1st American agreed to loan them $91,000—an amount more than double the balance of their existing mortgage at the time—and promised that, after a year of timely payments, 1st American would do another refinancing that would significantly reduce the Youngs' monthly payments. Plaintiffs allege that they were never informed that 1st American was acting only as the mortgage broker and that Option One was the lender. The Youngs allege that, relying upon 1st American's representations, they closed on the refinancing of the home loan on May 25, 1995.

The Youngs eventually defaulted on their loan payments. On January 16, 1997, defendant Option One exercised its power of sale in the deed of trust and executed foreclosure of plaintiffs' home, selling the home to itself. Plaintiffs sent defendants a notice of rescission pursuant to TILA and filed this complaint on January 23, 1997.

### *Analysis*

■ 1. *Count 1 (TILA rescission).* If, as plaintiffs assert, defendant Option One did not comply with the requirements of TILA when plaintiffs entered into their loan, plaintiffs have three years from the date of the closing (May 1995) or until sale or transfer of the property (whichever occurs first) to rescind the loan. 15 U.S.C. § 1635. Option One's argument is that the sale of plaintiffs' home at a foreclosure sale on January 16, 1997, extinguished plaintiffs' TILA rescission rights. Plaintiffs respond that the foreclosure sale is void because it was not held in compliance with D.C. law and therefore cannot act to limit the right to rescind under TILA. The dispute about the validity of the foreclosure sale requires denial of Option One's motion to dismiss.

■ 2. *Counts 7 and 8 (fraud).* Defendant 1st American moves pursuant to F.R.Civ.P. 9(b) to dismiss plaintiffs' fraud claims for failure to plead with sufficient particularity. A well-pleaded fraud claim must normally state the time, place and content of the false misrepresentation, the fact misrepresented, and what was retained or given up as a consequence of the fraud. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1278 (D.C.Cir.1994). The complaint minimally complies with those requirements by alleging that in early 1995 1st American representatives promised the plaintiffs that the company would refinance the original loan at a lower interest rate if plaintiff made timely payments on the original loan for one year. Complaint ¶ 17, 83. Relying upon that promise, plaintiff entered into the loan agreement that is the object of the litigation in the instant case. Complaint ¶ 20, 86, 92.[1] Plaintiffs further allege that 1st American made those representations knowingly and with the intent to induce the Youngs into accepting the loan. ¶ 85, 91. 1st American erroneously suggests that these allegations must be evaluated in light of the executed loan documents that contain no promise of refinancing after one year. Instead, as required by F.R.C.P. 12(b), I examine the allegations in the light most favorable to plaintiffs and conclude that plaintiffs' complaint contains sufficiently specific allegations, that if proven, would support the fraud claims.[2]

■ 3. *Count 13 (unconscionability).* Both defendants submit that the complaint

---

**1.** Plaintiffs make other allegations of fraudulent behavior that need not be analyzed in light of the sufficiency of the allegations discussed herein. Complaint ¶ 83.

**2.** It is not necessary to reach the question of the sufficiency of plaintiffs' allegations of diversity jurisdiction with respect to defendant Option One, because plaintiffs' non-federal claims are so related to claims in the TILA action (and to the defenses raised to the TILA action) that they form part of the same case or controversy, and this Court accordingly has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Even if the TILA claim were dismissed, there is complete diversity between the parties and plaintiffs' claims are such that it is not "a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *see also Rosenboro v. Kim*, 994 F.2d 13, 19 (D.C.Cir.1993).

fails to allege facts sufficient to support a conclusion that plaintiffs had no meaningful choice when they entered into the loan and that the terms unreasonably favored the defendants. *See Williams v. Walker–Thomas Furniture Co.,* 350 F.2d 445, 449 (D.C.Cir. 1965). The complaint alleges that defendants held themselves out as experts in the field of loan financing; that the plaintiffs had no knowledge or expertise in that area and did not believe they had a choice about the terms offered; that defendants "contrived to trap" the plaintiffs into making a loan that would eventually default so that defendants could foreclose on their home; and that the substantive terms of the loan—particularly fees that amounted to 10 percent of the loan principal—were one-sided. Complaint ¶ 27, 112–116. These allegations, viewed in the way most favorable to plaintiffs, are sufficient to withstand the motion to dismiss. *See Stewart v. District of Columbia Armory Bd.,* 863 F.2d 1013, 1017 (D.C.Cir.1988).

4. *Counts 11 (duress) and 16 (vicarious liability).* Duress is an affirmative defense to a contract action not an independent cause of action under either tort or contract. *See Bennett Enterprises, Inc. v. Domino's Pizza, Inc.,* 794 F.Supp. 434, 438 (D.D.C.1992); *see also In re Ashby Enterprises, Ltd.,* 47 B.R. 394, 398 (Bankr.D.D.C. 1985). Accordingly, plaintiffs' duress claim will be dismissed. Similarly, vicarious liability is not an independent cause of action, but rather is a legal concept used to transfer liability from an agent to a principal at trial. Count Sixteen will be dismissed, but plaintiffs may advance the vicarious liability of Option One at trial.

5. *Count 12 (mistake).* Mistake is usually raised as a defense to enforcement of a contract. Plaintiff's attempt to plead it as a separate claim here appears to be based exclusively on misrepresentations allegedly made by defendants; if so, this claim is simply a repackaging of the fraud claim. The claim of mistake will be dismissed without prejudice.

For the reasons explained above, it is this 5th day of September, 1997.

**ORDERED** that defendant Option One's motion to dismiss [# 19] is **granted** as to Counts Eleven, Twelve, and Sixteen and **denied** as to Counts One and Thirteen. It is

**FURTHER ORDERED** that defendant 1st American Financial Services' motion to dismiss [# 26] is **granted** as to Counts Eleven, Twelve, and Sixteen and **denied** as to Counts Seven, Eight and Thirteen.