Jeffrey B. HANSON and Tammy
F. Hanson, Plaintiffs,

v.

M & I MARSHALL AND ILSLEY
BANK, Kondaur Capital Corporation,
Kondaur Venture X, LLC, Kondaur
Capital Trust Series, 2009–3, and Pe-
terson, Fram & Bergman, Defendants.

Civ. No. 10–2069 (JRT/JJK).

United States District Court,
D. Minnesota.

Sept. 15, 2010.

Carl E. Christensen, Esq., Christensen Law Office, PLLC, for Plaintiffs.

Patrick J. Lindmark, Esq., and Ernest F. Peake, Esq., Leonard, O'Brien, Spencer, Gale & Sayre, Ltd., for Defendants Kondaur Capital Corporation, Kondaur Venture X, LLC, and Kondaur Capital Trust Series, 2009–3.

## ORDER

JEFFREY J. KEYES, United States Magistrate Judge.

This matter came before the Court on August 23, 2010, pursuant to Plaintiffs' Motion to Amend/Correct Amended Complaint (Doc. No. 15). Based on the parties' submissions and arguments, together with all pleadings, records, and files herein, the Court grants Plaintiffs' motion.

**IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Amend/Correct Amended Complaint (Doc. No. 15), is **GRANTED**;

2. On or before September 22, 2010, Plaintiffs shall file their proposed Second Amended Complaint attached as Exhibit 1 to Declaration of Carl E. Christensen in Support of Notice of Hearing on Motion (Doc. No. 20); and

3. The following memorandum is incorporated by reference.

## *MEMORANDUM*

## I. BACKGROUND

On August 27, 2007, Plaintiffs executed and delivered a promissory note ("Note") in the principal amount of $896,000 to M & I Marshall and Ilsley Bank ("M & I"). (Doc. No. 20, Sec. Am. Compl. ¶ 13.) In exchange for the funds, Plaintiffs granted M & I a first priority mortgage ("Mortgage") on their residence in Anoka County, Minnesota. (*Id.* ¶¶ 12, 14.) Eventually, Plaintiffs stopped making monthly payments under the Note, and M & I filed a notice of pendency of proceeding to fore-close on the Property. (*Id.* ¶ 32.) The Sheriff's Sale was conducted on September 21, 2009. (*Id.* at ¶ 39.) M & I was the highest bidder at the Sheriff's Sale. (*Id.* at ¶ 40.) The statutory redemption period expired on March 21, 2009 with no party redeeming. Minn. Stat. § 580.23 (2009). (Doc. No. 23, Defs.' Mem. in Opp'n to Pls.' Mot. to Am. ("Defs.' Mem.") 2.) Ultimately, M & I's Sheriff Certificate was conveyed and assigned to Defendants Kondaur Capital Corporation, Kondaur Venture X, LLC, and Kondaur Capital Trust Series 2009–3 (collectively, "Kondaur"). (Doc. No. 29, Defs.' Sur–Rep. Mem. in Opp'n to Pls.' Mot. to Am. ("Defs.' Sur–Rep.") 2; Doc. No. 30, Aff. of Patrick J. Lindmark, Ex. 1.)

On April 29, 2010, Plaintiffs brought a one-count Complaint in state court in Anoka County seeking declaratory relief that the foreclosure and Sheriff's Sale were void because M & I lacked the requisite security interest in the Note and Mortgage. (Doc. No. 1.) Kondaur removed the action to Federal District Court on May 17, 2010, pursuant to 28 U.S.C. §§ 1441 and 1446. (*Id.*) Plaintiffs then amended their Complaint, adding the law firm of Peterson, Fram & Bergman ("Peterson Fram") as a party defendant, and alleging additional causes of action against other Defendants. (Doc. No. 5.) Kondaur Answered Plaintiffs' Amended Complaint on May 29, 2010. (Doc. No. 6.)

On August 8, 2010, Plaintiffs moved this Court for leave to amend their Complaint to assert rescission-based claims based on Kondaur's purported violations of the Truth in Lending Act ("TILA"). The gravamen of Plaintiffs' TILA claims is that, during the execution of the Note and Mortgage, Defendants M & I and Kondaur failed to provide Plaintiffs certain mandatory disclosures, including notice of their three-day right to rescind the transaction. (Sec. Am. Compl. ¶¶ 101–105.) Plaintiffs

contend that these alleged violations gave rise to their continual right to rescind the transaction under TILA. (*Id.*) Plaintiffs' proposed amendment seeks to enforce Plaintiffs' right to rescind, and to recover damages for Defendants' alleged failure to effectuate Plaintiffs' rescission request.

## II. DISCUSSION

### A. Legal Standard

Except where amendment is permitted as a matter of course, under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave [and] [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to grant leave to amend rests in the discretion of the trial court. *Niagara of Wis. Paper Corp. v. Paper Indus. Union–Mgmt. Pension Fund*, 800 F.2d 742, 749 (8th Cir. 1986). However, a court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[E]ven where some prejudice to the adverse party would result if the motion to amend were granted, that prejudice must be balanced against the hardship to the moving party if it is denied." *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir.1981). "[D]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir.2001); *see also United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557–58 (8th Cir.2006) (same).

Here, Kondaur argues that the proposed amendments should be denied for futility. A futility challenge to a motion to amend a complaint is successful where "claims created by the amendment would not withstand a Motion to Dismiss for failure to state a claim upon which relief can be granted." *DeRoche v. All Am. Bottling Corp.*, 38 F.Supp.2d 1102, 1106 (D.Minn.1998); *see also Lunsford v. RBC Dain Rauscher, Inc.*, 590 F.Supp.2d 1153, 1158 (D.Minn.2008) (stating that a motion to amend is futile if the amended complaint would not survive a motion to dismiss). " 'Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous.' " *Cohen v. Beachside Two–I Homeowners' Ass'n*, No. Civ. 05–706 (ADM/JSM), 2005 WL 3088361, at *13 (D.Minn. Nov. 17, 2005) (quoting *Becker v. Univ. of Neb.*, 191 F.3d 904, 908 (8th Cir.1999)).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555, 127 S.Ct. 1955. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 556, 127 S.Ct. 1955. Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir.1986). "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

### B. Analysis

Kondaur argues that the addition of TILA claims would be futile. Specifically, Kondaur contends that the foreclosure by advertisement sale of Plaintiffs' property extinguished Plaintiffs' rescission rights.

(Defs.' Mem. 2.) But Plaintiffs allege that the foreclosure by advertisement sale was void and as such had no preclusive effect on their right to rescind under TILA. (Doc. No. 25, Pls.' Rep. Mem. in Supp. of Mot. to Am. ("Pls.' Rep. Mem.") 2–3.) Plaintiffs argue that M & I, the entity that initiated and conducted the foreclosure sale, assigned its rights under Plaintiffs' promissory Note and Mortgage to Kondaur and thus did not have the requisite interest to foreclose on the property. (*Id.;* Sec. Am. Compl. ¶¶ 44–45.) Kondaur replies that, to the extent there was an assignment between M & I and Kondaur, it was never recorded. (Defs.' Sur–Rep. 2.) According to Kondaur, since the assignment was unrecorded, M & I continued to hold legal title to the mortgage and the promissory note and retained the right to conduct the foreclosure sale. (*Id.*)

█ Under TILA, "the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first." 12 C.F.R. § 226.23(a)(3). Even an involuntary sale of the property—like the foreclosure sale here—terminates a borrower's right to rescind. *See Saygnarath v. BNC Mortgage, Inc.,* No. 06–cv–3465, 2007 WL 1141495, *2 (D.Minn. Apr. 17, 2007) (stating that plaintiffs' right to rescind expired, at a minimum, upon the foreclosure sale of the Property); *Hallas v. Ameriquest Mortg. Co.,* 406 F.Supp.2d 1176, 1183 (D.Or.2005) (stating that foreclosure sale terminated plaintiff's right of rescission); *Williams v. G.M. Mortg. Corp.,* 03–cv–74788, 2004 WL 3704081, *5 (E.D.Mich. 2004) ("[A]fter a foreclosure sale, a mortgage is extinguished, and, thus, even in a 'redemption period state' like Michigan, an unexpired TILA right to rescind the mortgage is likewise terminated").

Here, it is undisputed that the foreclosure sale was conducted on September 21, 2009, and that Plaintiffs did not send notice of their attempted TILA rescission until May 14, 2010—almost eight months after the foreclosure sale and one month after their right of redemption expired. But Plaintiffs dispute the validity of the foreclosure sale that purportedly extinguished their TILA rescission-based claims. As noted above, Plaintiffs contend that the foreclosure by advertisement sale was void because M & I lacked the requisite interest to foreclose, having assigned its rights to Kondaur. Under these circumstances—and because this case is in the early stages of discovery—it is premature to conclude that Plaintiffs' claims are time-barred as a matter of law. *See Young v. 1st Am. Fin. Serv.,* 977 F.Supp. 38, 40 (D.D.C.1997) (denying motion to dismiss TILA rescission claim when validity of foreclosure sale under local law was in dispute); *see also Ofor v. Ocwen Loan Serv., LLC,* 09–cv–1402, slip op. at 6 (D.Minn. Aug. 31, 2009) (denying motion to dismiss TILA rescission claim and allowing further record development relating to events surrounding plaintiffs' purported TILA rescission). It may be that Plaintiffs' challenge to the foreclosure by advertisement action here is meritless and Plaintiffs' TILA rescission claims are time-barred. However, that ultimate determination is better left to a later disposition. At this point, the Court concludes that Plaintiffs' motion to amend the complaint to add TILA-related claims is not clearly frivolous, nor will it result in undue delay or undue prejudice to Kondaur.